FRANK A. COLLINS, PLAINTIFF, v. JOHN J. CODY AND JAMES ROONEY, DEFENDANTS.

Argued June 2, 1920—Decided July 31, 1920.

1. A police officer, in cases of misdemeanors, in the absence of a statute, cannot arrest an offender without a warrant, unless he is present at the time the offence is committed.
2. When no offence was committed, no complaint was made and no warrant was issued, police officers making an arrest under such circumstances will be liable in a civil suit for damages, at the instance of the person arrested. An order to make such an arrest by those higher in authority is not a defence in the action.
3. In such a case the jury may award as damages something more than merely nominal damages.

---

On rule to show cause.

Before Justices SWAYZE, PARKER and BLACK.

For the plaintiff, *Press & Press.*

For the defendants, *John Bentley.*

The opinion of the court was delivered by

BLACK, J. The record in this case shows the plaintiff was employed by the Brady Brass Company, in Jersey City. On the 16th of July, 1919, when at work, the defendants, Inspector Cody and Captain Rooney, of the Jersey City police department, arrested the plaintiff. The defendant was searched, then taken to the Second precinct station. This was about two-thirty in the afternoon. The plaintiff was there searched again, put into a patrol wagon and taken to police headquarters. There he was taken into a side room and finger printed. He was then taken back to the Second precinct station and held in $500 bail. A $1,000 liberty bond was deposited as security. He was then released about six-thirty that afternoon. He was then told to appear at the Second precinct station, in the morning, at nine o'clock. Next morning, after waiting an hour or so, he was told to come again the following morning at nine o'clock. That morning he was called and brought before a magistrate. Then he was found guilty of disorderly conduct, sentence suspended, and ordered to get out of Jersey City at once. Subsequently, the proceedings were dismissed by the county judge on appeal. All this was done without any charge or complaint laid or made against the plaintiff, without any offence committed by him, and without any warrant issued for his arrest. The only authority for making the arrest, to use the words of the defendants in their testimony, was, as Inspector Cody testified, he was instructed to take Captain Rooney and place Collins under arrest; he knew nothing against Collins—had no complaint against or warrant for his arrest. When asked if he did not know that it was wrong to arrest Collins, the only answer he would give was, "I always obey orders." Rooney testified: "*Q.* Did you have any reason to arrest him," *i. e.,* Collins? "*A.* I had reason to arrest him. I received my orders to arrest him." Subsequently, the defendants were sued by the plaintiff, in an action to recover damages for false imprisonment. The trial resulted in a verdict for the plaintiff. The defendants ob-

tained a rule to show cause. We are asked to set aside the verdict and grant a new trial on the ground chiefly the trial judge refused to charge the defendants' requests, such as (a), in the absence of malice upon the part of the defendants only nominal damages can be awarded; (b) a police officer is not responsible in damages for an arrest, unless his conduct is such as to indicate malice; (c) a legal order to a police officer protects such police officer in the making of an arrest in a proper and ordinary manner. Suffice it to say we find no error in the refusal of the trial court to charge these requests. In the first place, the officers who made the arrest had no legal order for making the arrest; in the second place, malice, in a legal sense, signifies nothing more than a wrongful act done intentionally, without just cause or excuse. *King* v. *Patterson*, 49 *N. J. L.* 417; *Wendelken* v. *Stone*, 88 *Id.* 267. The charge of the trial judge presented the defendants' contention, on the question of damages, to the jury fully and clearly and quite as favorable to the defendants as they could ask. The other points are without legal merit. The legal principle underlying this case and the one to be applied to the facts is firmly embodied in the roots of the common law, which has been handed down to us from early times unimpaired, in its full vigor, for the protection of personal liberty against illegal arrests. The liberty of the person is too important a matter to the state to be interfered with without the safeguards with which the law guards such invasions. This court has said: The limits to the power of arrest by a constable, without process, was well defined at common law. The regard for the liberty of the person was so great that the common law did not confer upon a mere conservator of the peace the power to touch the person of the subject, of his own volition, except in those cases when the interests of the public absolutely demanded it. To prevent the escape of a felon he had authority to arrest any one whom he reasonably suspected to have been engaged in the perpetration of a felony. To prevent breaches of the peace he had the right to arrest any person who was engaged in, or in his presence threatened to engage in, an affray or other breach of the

peace. Beyond this, the law did not allow him to exercise the function of determining whether there was a sufficient cause of the violation of a law to justify an arrest, but placed that power in the hands of officers whose functions were judicial. Only after a determination by such officers, and a warrant, indicative of such determination, could the law be put in operation against the party. *Mayor, &c., of Newark* v. *Murphy,* 40 *N. J. L.* 145; cited with approval by the Court of Errors and Appeals in *Brown* v. *State,* 62 *Id.* 666. All the authorities are uniform to the same effect. 3 *Cyc.* 880 (B); 5 *C. J.* 396, ¶ 23 (3). The precept or warrant must be in the officer's possession at the time the arrest is made. *Webb* v. *State,* 51 *N. J. L.* 189. It was not error to refuse the defendants' request to charge on the measure of damages.

The rule to show cause is discharged.