GERTRUDE RUSSELL v. CHARLES LEVINSOHN.

Decided July 23, 1927.

Landlord and Tenant—Three Counts in Complaint, the First Alleging Unlawful Eviction; the Second, Unlawful Retention of Tenant's Property; the Third, Unlawful Arrest While on the Premises—Plaintiff Awarded Damages on Every Count—Defendant Asked for Rule on Ground That Verdict on Second and Third Counts was Against Evidence —Held, That the Award on Second Count Cannot be Set Aside, but That the Award on the Third Count was Against the Clear Weight of Evidence, No Arrest Appearing to Have Been Made.

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justice TRENCHARD.

For the rule, Edward P. Longstreet.

Contra, Harry R. Cooper.

PER CURIAM.

The complaint in this cause contains three counts. The averments of the first count are that the plaintiff was the lessee of a room on the second floor of certain premises located in Asbury Park, and of which defendant was the owner and lessor; that she went into possession of the premises originally on the 1st of April, 1925, and equipped and used them

as a beauty parlor; that her original lease was for a year from that date; that shortly before the expiration of the term the defendant agreed to renew the lease for an additional term of one year, and that she paid the first month's rent on the renewal period, and that a few days thereafter the defendant unlawfully evicted her from the leased premises, and by doing so seriously injured her business by compelling her to remove her beauty parlor to another locality.

The second count alleges that, after ejecting her from the leased premises, the defendant took possession of a considerable number of chattels which were owned by her and used in her beauty parlor, and wrongfully carried them away, and subsequently refused to deliver them to her upon her demand.

The third count alleges that on the 3d of May, 1926, the plaintiff went upon the leased premises for the purpose of taking up the season's business there under her new lease; that the defendant was in the room when she entered it and ordered her to leave; that upon her refusal to do so he procured police officers from the police headquarters, brought them to the leased premises, and caused her to be arrested by them and to be forcibly ejected from the premises.

The jury found in favor of the plaintiff upon all of the counts of her complaint, awarding her six cents damages on the first count, $500 damages on the second count, and $1,000 damages on the third count.

The contention made in behalf of the defendant on the argument of this rule is that the verdicts on the second and third counts are contrary to the weight of the evidence. Our examination of the testimony sent up with the rule leads us to the conclusion that the finding of the jury upon the second count is not so clearly against the preponderance of the testimony as to justify this court in setting it aside. As to the finding of the jury that the plaintiff was arrested illegally and was forcibly ejected from the premises by the police officers, who came there on the call of the defendant, our conclusion is that it is contrary to the great preponderance of the evidence. Each of the police officers who visited the premises was called as a witness. They testified that no one

of them did anything except to visit the premises, where they found the plaintiff and the defendant quarreling about their respective rights therein; that one of the officers thereupon advised the parties that the place to settle their dispute was not upon the premises, but in the court; that after this statement was made the plaintiff got up and said, "Well, I will leave;" and that she thereupon walked out of the room and went downstairs alone. The officers further testified that no one of them followed her out of the room or did or said anything which was even suggestive of an intention to interfere with her freedom of action. These witnesses were all of them disinterested, and one of them (VanBrunt) was called to testify on behalf of the plaintiff. Their testimony was not in any way contradicted, except to some extent by the plaintiff herself, who stated upon the witnessstand that VanBrunt, her own witness, told her that she would have to get out, and that she then walked out, and that two of the officers followed her to the street. Even if her statement be accepted and the testimony of these police officers be rejected, we consider that the verdict upon this count cannot be supported. In *Vail* v. *Pennsylvania Railroad Co.,* 5 *N. J. Adv. R.* 499, this court pointed out that the essential thing in an action for false arrest is the constraint of the person, and that the words or conduct of the party against whom the charge is laid must be such as to induce a reasonable apprehension of force. We find nothing in the testimony of the plaintiff that suggests such an apprehension upon her part; but, even if the contrary was the fact, we should still think this verdict should be set aside, for the reason that it entirely disregards the testimony of the disinterested witnesses with relation to the occurrences at this beauty parlor.

We find nothing of merit in the other grounds upon which we are asked to make the rule absolute.

For the reason indicated, the rule to show cause will be discharged, so far as the verdict on the second count is concerned, and will be made absolute as to so much of the verdict as relates to the third count.