WALTER ALTANA, RESPONDENT, v. JOHN McCABE, APPELLANT.

Argued May 2, 1944—Decided July 5, 1944.

Before Justices PARKER, HEHER and COLIE.

For the appellant, *Arthur J. O'Dea.*

For the respondent, *John A. Laird.*

The opinion of the court was delivered by

PARKER, J. The critical question on this appeal is whether an amendment to the state of demand at the opening of the trial was untimely and harmful to the defendant-appellant. As originally drawn, the state of demand set up a case of false imprisonment at the instance of defendant, namely, arrest without warrant, detention in a police station, finger printing, and final release without trial. The original allegation in the state of demand was that defendant did "request and order a police officer * * * to arrest the plaintiff." But when the case was moved for trial, without any previous notice, plaintiff moved to amend the state of demand to read that defendant "did * * * with malice request and order," &c. This amendment is the gravamen of the appeal, and that it was material seems to be indicated by the fact that the damages awarded by the jury were $500, the maximum jurisdictional amount, after a charge by the judge specifically dealing with malice as an element of damages. Defendant's attorney objected to the amendment, on the ground that he had not had notice of any such claim and had not prepared for it, but was overruled, with the result just stated.

We consider that it was erroneous to allow the amendment, the effect of which was to add to the plaintiff's claim the essential element of malicious prosecution. The gist of false imprisonment is mere unlawful detention without more, and conceivably with meritorious intent: and malice is not an element of the cause of action. 25 *C. J.* 545. The old precedents for the respective causes of action are quite distinct, 2 *Chit. Pl.* *600; *Id.* *857. There may, of course, be incidents in false imprisonment justifying punitive damages, such as excessive force in the arrest, &c.; but the gist of false imprisonment, even with the best motives, is the unlaw-

fulness of the arrest, however gentle or *bona fide* it may have been. Malice is not an essential element, 11 *R. C. L.* 794; but the trial court in charging the jury dealt with the case as one for malicious prosecution, and instructed them, among other things, that it must appear "that the charge was made without reasonable cause," and "that the defendant in making it was actuated by malice."

The error in introducing the element of express malice for the first time at the trial requires a reversal of the judgment, and a remand for a new trial. Such will be the order.