Maurice H. SCHY, Appellant,

v.

The SUSQUEHANNA CORPORATION, a Delaware corporation, Samuel M. Ferguson, M. M. Hardin, H. F. Korholz, J. Earle May, Hugh C. Michels, Aksel Nielsen, D. W. Reeves, R. C. Schenk and N. F. Tisdale, Jr., Appellees.

No. 17393.

United States Court of Appeals Seventh Circuit.

Jan. 5, 1970.

Rehearing Denied Jan. 27, 1970.

---

Ira S. Kolb, Adolf Loeb, Chicago, Ill., for appellant; Schwartz, Cooper & Kolb, Chicago, Ill., of counsel.

M. M. Jacobs, Robert Mansell, Chicago, Ill., Charles S. Rhyne, Washington, D. C., for appellees.

Before KNOCH and CUMMINGS, Circuit Judges, and GORDON, District Judge.

MYRON L. GORDON, District Judge.[1]

This action was brought for equitable relief from an alleged violation of § 14(a) of the Securities and Exchange Act, 15 U.S.C. § 78n, and the applicable regulation. The district court dismissed the complaint with prejudice and denied leave for the plaintiff to file an amended complaint.

The plaintiff is one of 9,145 stockholders of the Susquehanna Corporation. In his complaint, he has alleged that Susquehannna issued a false and misleading proxy statement on March 29, 1967. The purpose of that statement was to obtain stockholder approval of a proposed new issue of Susquehanna preferred stock. The plaintiff claimed that Susquehanna failed in the proxy statement of March 29 to inform stockholders of a planned merger with Atlantic Research Corporation and of the intended use of the new preferred stock to carry out such merger.

Although a majority of the shares outstanding were voted to approve the new stock issue, no preferred shares were issued pursuant to the proxy statement of March 29. On August 2, 1967, the board of directors of Susquehanna approved a merger with Atlantic Research Corporation; on October 18, 1967, the plaintiff filed his complaint.

On October 26, 1967, Susquehanna and Atlantic issued a joint proxy statement. Like Susquehanna's proxy statement of March 29, this joint proxy statement also sought authorization for a new issue of preferred stock. The proxy statement also outlined the stock's contemplated use in effectuating the merger of the two companies, and it fully described the terms of the proposed new issue of the stock and of the merger. It further described, in ample detail, the plaintiff's pending law suit. At the oral argument of this appeal, the plaintiff's counsel acknowledged that the joint proxy statement was accurate and complete. On November 27, 1967, the stockholders ap-

---

1. The writer of this opinion is sitting by designation from the district court for the Eastern District of Wisconsin.

proved the plan described in the joint proxy statement dated October 26 by a vote of 80.8% to 0.42%.

The plaintiff filed a motion for summary judgment which he thereafter withdrew but later renewed. The defendants also filed a motion in which they applied for an order that the plaintiff could not maintain his action as a class action and also to dismiss on the ground that the plaintiff had failed to seek redress from the stockholders before instituting his action.

Following a hearing on the defendant's motion, the district judge rendered an oral opinion granting such motion on the grounds stated in the motion and on the additional ground, raised at the oral argument, that the plaintiff, as a matter of law, was unable to show any damage resulting from the alleged fraudulent proxy statement. Later, a judgment was entered dismissing the action on the merits.

The plaintiff owns 100 shares of Susquehanna stock. He is an attorney and has aided in preparation of this suit. He has an arrangement with his attorneys whereby he will share in the attorneys' fees should be prevail in the action.

### I. PROBLEMS OF MOTION PRACTICE

■ The plaintiff contends that the defendants' motion could not be construed as a motion under rule 12(b) (6) to dismiss for failure to state a claim upon which relief can be granted. For that reason, he argues, the motion could not be treated as a motion for summary judgment under rule 12(b). We reject this contention.

■ The defendants' motion charged that the plaintiff's suit was premature for failure to seek redress within the corporation. Prematurity may be raised on a motion to dismiss under rule 12(b) (6), but a dismissal granted upon this ground alone must be without prejudice. Tademy v. Scott et al., 157 F.2d 826, 828 (5th Cir.1946); Van Horn v. State

Farm Mutual Automobile Insurance Co., 283 F.Supp. 260, 261 (E.D.Mich.1966), affirmed 6 Cir., 391 F.2d 910.

■■ In addition, a motion to dismiss based upon a lack of damages, may properly be treated as a motion to dismiss under rule 12(b) (6). In Premier Malt Products Co. v. Kasser, 23 F.2d 98, 99 (E.D.Pa.1927), the court observed:

> "There must be both the injuria and the damnum to give a legal cause of action, and this remains true notwithstanding the legal fiction of nominal damages. Indeed, this truth made the legal fiction logically necessary."

Accord, Citrin v. Greater New York Industries, 79 F.Supp. 692, 694–695 (S.D.N.Y.1948); Package Closure Corporation v. Sealright Co., 4 F.R.D. 114, 116 (S.D.N.Y.1943). The plaintiff states that defendants were not entitled to raise the question of damages at the hearing on their motion. The matter of damages would appear to have been improperly raised at the hearing as a ground for dismissal since the defendants had not mentioned it in their notice of motion. See McNichols v. Lennox Furnace Co., 7 F.R.D. 40, 42–43 (N.D.N.Y.1947). However, the plaintiff fully argued this ground at the hearing and cannot complain here that the district court considered it. DeLorenzo v. Federal Deposit Insurance Corporation, 268 F.Supp. 378, 381 (S.D.N.Y.1967); Interlego, A.G. v. Leslie-Henry Co., 214 F.Supp. 238, 240 (M.D.Pa.1963).

■ The plaintiff also contends that even if properly construed as a motion to dismiss under rule 12(b) (6), the defendants' motion may not be treated as a motion for summary judgment since it was made after the answer had been filed. This argument is without merit. A motion to dismiss made after the filing of an answer serves the same function as a motion for judgment on the pleadings and may be regarded as one. United States for Use of E. E. Black Limited v. Price-McNemar Construction Co., 320 F.2d 663, 664 n. 1 (9th Cir. 1963); Kenemer v. Arkansas Fuel Oil

Co., 151 F.2d 567, 568 (5th Cir.1945). Cf. In re Union National Bank & Trust Co. of Souderton, Pa., 287 F.Supp. 431, 433 (E.D.Pa.1968). Rule 12(c) concerns motions "after the pleadings are closed" and specifically provides that a motion for judgment on the pleadings filed with supporting affidavits may be treated as a motion for summary judgment.

■ The plaintiff next complains that the district court erroneously considered affidavits and exhibits filed on the day of the hearing in violation of rule 6(d), Federal Rules of Civil Procedure. The plaintiff did not complain of untimeliness in the trial court, although he did urge the court not to consider the exhibits as evidence. Since the plaintiff did not complain about the late filing in the trial court, he cannot do so on appeal.

■ The plaintiff further contends that the district court should not have considered the October 26, 1967 proxy statement in rendering its decision. He argues that the copy filed in support of the defendants' motion did not comply with the requirements of rule 56(e) and, thus, did not constitute a sufficient affidavit. We reject the plaintiff's contention. The plaintiff has admitted that the October 26, 1967 proxy statement is complete and accurate; he does not deny that the copy submitted with the motion is an accurate copy of the October 26, 1967 proxy statement. An officer of Susquehanna in a separate affidavit identified the attached proxy statement. In Pollack v. City of Newark, N. J., 147 F.Supp. 35, 39 (D.N.J.1956), affirmed 248 F.2d 543 (3 Cir.), certiorari denied 355 U.S. 964, 78 S.Ct. 554, the district court said:

"Moreover in considering a motion for summary judgment, the court is entitled to consider exhibits and other papers that have been identified by affidavit or otherwise made admissible in evidence."

See Barker v. Sumney, 185 F.Supp. 298 (N.D.Ind.1960); Hartford Accident and Indemnity Co. v. Flanagan, 28 F.Supp. 415 (S.D.Ohio 1939).

■ Finally, the plaintiff urges that the district court should not have made a determination under rule 23(c), Federal Rules of Civil Procedure, as to whether the plaintiff could maintain his suit as a class action without having first given notice to members of the class that the court planned to make such a determination.

The Committee Note of 1966, quoted in 3B, Moores Federal Practice, ¶ 23.01 [11.–1], pages 23–32, states:

"Whether the court should require notice to be given to members of the class of its intention to make a determination, or of the order embodying it, is left to the court's discretion under subdivision (d) (2)."

In our opinion, the trial court did not abuse its discretion by refusing to order that notice be given of its intention to make a determination when every member of the class has already received a proxy statement containing a full, accurate and complete description of the pending action. Cf. Snyder v. Board of Trustees of the University of Illinois, 286 F.Supp. 927, 931 (N.D.Ill.1968).

In conclusion, we hold that the procedure followed by the district court in granting summary judgment did not involve reversible error. We will now consider the propriety of the substantive rulings.

## II. MAINTENANCE OF CLASS ACTION

■ The plaintiff contends that he could properly represent the class. We disagree and hold that the district court correctly found that this action could not be maintained as a class action.

In determining the adequacy of representation, the district court is not confined to the specific procedure outlined by rule 23. It was proper to consider the additional circumstances and facts of the case. After being fully informed

of the nature of the plaintiff's pending suit, 80.8% of the stockholders voted in favor of the proposal made in the October 26, 1967 proxy statement, thereby approving the issuance of preferred stock for use in effectuating the merger. Only 0.42% voted against it. Since over eighty percent of the class voted in favor of the proposal of which the plaintiff's suit complains, and they did so with full knowledge of the plaintiff's suit, it is somewhat difficult for the plaintiff to claim that he represents the class.

The plaintiff cannot maintain his action as a class suit when his interests are antagonistic to the interests of the persons he purports to represent. Hansberry v. Lee, 311 U.S. 32, 44–45, 61 S.Ct. 115, 85 L.Ed. 22, 132 A.L.R. 741 (1940); Carroll v. American Federation of Musicians of United States and Can., 372 F. 2d 155, 162 (2d Cir.1967), judgment vacated on other grounds, 391 U.S. 99, 88 S.Ct. 1562, 20 L.Ed.2d 460 (1968); Troup v. McCart, 238 F.2d 289, 294 (5th Cir.1956).

## III. CAUSATION

■ The defendants maintain that the district court found that the October 26, 1967 proxy statement broke the chain of causation between the earlier proxy statement and any damage allegedly caused by it. The plaintiff denies that this issue was raised in the district court and objects to considering it on this appeal; he insists that causation is a fact issue which must be settled by a trial.

Since this issue can be resolved on the basis of affidavits which were filed in the district court and were considered in its decision, it may be raised and settled here. In Reinstine v. Rosenfield, 111 F.2d 892, 894 (7th Cir.1940), the court said:

"From time immemorial Courts of Appeal have been authorized to affirm the rulings of lower courts for any valid reason based upon the evidence, although not assigned."

No shares of preferred stock were ever issued pursuant to the March 29, 1967 proxy. The shares which were issued and used to effectuate the merger were issued in response to the October 26, 1967 proxy, which the plaintiff admits was fair and complete.

Under the foregoing circumstances, we believe the district court correctly held that as a matter of law, no damage was caused by the March 29, 1967 proxy. J. I. Case Co. v. Borak, 377 U.S. 426, 430–431, 84 S.Ct. 1555, 12 L.Ed.2d 423 (1964) and Mills v. Electric Autolite Company, 403 F.2d 429, 435–436 (7th Cir.1968), certiorari granted, 394 U.S. 971, 89 S.Ct. 1470, 22 L.Ed.2d 752, referred to by the plaintiff, are distinguishable in that they involved factual disputes. Compare also Swanson v. American Consumer Industries, Inc., 415 F.2d 1326 (7th Cir.1969). Here there was no influence from the March 29, 1967 proxy statement which was unremedied by the October 26, 1967 proxy statement.

## IV. CONCLUSION

■ Shortly before the beginning of oral argument, counsel for the defendant submitted certain documents to the court with the request that the court consider them in connection with this appeal. Counsel for the plaintiff objected to this offer on the ground that it was not timely made. The court is of the opinion that the objection of the plaintiff is well taken and, accordingly, has not considered such documents in deciding this appeal.

Since we find sufficient grounds to support the judgment of the district court, it is unnecessary to consider certain other lesser errors which the appellant has raised.

The judgment of the district court is affirmed.