976 F.2d 735
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Robert A. COLLINS, Petitioner-Appellant,
v.
STATE OF INDIANA; Linley E. Pearson; John P. Porter;
Wabash County Sheriff's Department, Respondents-Appellees.
 No. 91-1191.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 10, 1992.*
Decided Sept. 22, 1992.
Rehearing Denied Oct. 19, 1992.
 
 Before CUMMINGS, POSNER and MANION, Circuit Judges.
 
 ORDER
 
 1
 Robert Collins appeals from the district court's dismissal of his petition for a writ of habeas corpus made under 28 U.S.C. § 2254. We conclude that Collins' claims are either procedurally defaulted, waived, or not cognizable on federal habeas review.
 
 I.
 
 2
 A jury convicted Collins of criminal recklessness while armed with a deadly weapon. Ind.Code § 35-42-2-2(a). The trial judge sentenced him to two years' imprisonment. Collins appealed his conviction to the Indiana Court of Appeals, which summarized the facts underlying the conviction as follows:
 
 
 3
 The facts most favorable to the jury's verdict indicate that [Collins] ordered a crew demolishing a bridge on Wabash County Road 200 East to shut the job down or be blown away. Later the same day, while standing 100 to 150 feet away from and 5 to 6 feet higher than the bridge, [Collins] pointed his .20 gauge shotgun up in the air over the heads of the work crew and fired. The discharge of the shotgun over the heads of the work crew created a substantial risk of bodily injury.
 
 
 4
 Record Document 49, Appendix A, at 2. We must presume these factual findings to be correct, unless an enumerated exception applies. 28 U.S.C. § 2254(d); Webb v. Lane, 922 F.2d 390, 391-392 (7th Cir.1991).
 
 
 5
 Collins raised three issues in his direct appeal to the Indiana Court of Appeals:
 
 
 6
 1. Whether the evidence was sufficient to sustain the conviction;
 
 
 7
 2. Whether the trial court erred in ruling on criminal discovery; and
 
 
 8
 3. Whether the trial court had jurisdiction.
 
 
 9
 Record Document 49, Appendix A, at 1. The court rejected all of Collins' arguments. First, based on the summary of the evidence quoted above, the court found that the evidence was sufficient to sustain the conviction. Second, the court affirmed the trial court's limitation of criminal discovery because the information Collins sought was otherwise available, beyond the power of the state to provide, or not material to Collins' case. The court also found that Collins waived any error pertaining to the state's alleged non-compliance with the trial court's discovery order. The court further found that the trial court did not err by failing to issue a subpoena duces tecum for the purpose of taking depositions since a subpoena was unnecessary for that purpose. Third, the court rejected Collins' challenge to the trial court's jurisdiction. Collins had sued the first trial judge presiding over his trial, causing the judge to remove himself from the case and to be replaced by a special judge. The court determined that Collins had waived his objection to the irregularity in the appointment of the special judge. Id. at 2-4. Collins sought transfer to the Indiana Supreme Court, but transfer was denied.
 
 
 10
 Collins then filed a petition for a writ of habeas corpus in federal court. We quote verbatim the grounds for relief Collins raised in this petition:
 
 
 11
 Violation of AMMENDMENT II an IV ... I was seized pursuant to a unlawful warrant by a Judge that didnot have jusidiction, my guns was never return and therefore were seized without a warrant and were used against me in the trial the cause was dismissed on December 6, 1986 and the Sheriff's Department maintain control over my guns seized without a warrant in 1984.
 
 
 12
 Violation of AMMENDMENT V ... I was being held for one class B Misdemeanor's and one class D Felony without a presentment or indictment of a grand jury, sence the casue was dismissed by one Judge and again prosecuted by another that has place me as the defendant in double jeopardy without every being indicted by a grand jury but up on probable cause by the Judge without jurisdiction to hear the cause.
 
 
 13
 Violation of AMMENDMENT VI ... On the 30th of January, 1987 the Court instructed both parties that notheing in the proceedings before would be used in this new cause, I filed a motion requesting the court fix a time at its convenients for the taking of deposition of the listed states witnesses but the Court denied that motion but still allowed the state to used the gunes and all other information it had obtained during the other proceedings.
 
 
 14
 Violation of AMMENDMENT VIII an XIV ... I have now been force to invoke three (3) Ten thousand dollars bonds, concerning the same charges and subject to being striped naked of my personal clothing three (3) times and incarcerated in the Wabash County Jail, if relifed request by the defendant is not granted there will be a fourth time of incarceration, fore I have exhausted all my state remedies fore relief.
 
 
 15
 Record Document 1, at 5-6 (grammatical errors uncorrected). Rejecting all of Collins' claims, some on multiple grounds, the district court dismissed Collins' petition, though "[i]n the interest of the greatest caution," it dismissed the petition without prejudice.
 
 II.
 
 16
 Most of the claims Collins advances in this appeal are procedurally defaulted. "The failure of a person convicted in state court to raise a federal claim on his state appeal is a procedural default which bars that claim from being considered on federal habeas unless the person can show 'cause and prejudice.' " Mikel v. Thieret, 887 F.2d 733, 737 (7th Cir.1989) (citing Murray v. Carrier, 477 U.S. 478, 489 (1986)). Although Collins raises a host of issues in this appeal, he failed to raise many of them on direct appeal to the Indiana Court of Appeals. These include: 1) the lawfulness of Collins' arrest, 2) the lawfulness of the seizure of Collins' property (his guns), 3) the lawfulness of the Sheriff's continued withholding of Collins' property, 4) whether Collins is a citizen of the United States entitled to due process and equal protection, 5) whether Collins was subjected to double jeopardy, 6) whether the state was barred by the statute of limitations from reinstating the charges against Collins, 7) whether the state violated its own constitution and laws in its prosecution of Collins,[1] and 8) the legality of the three $10,000 bonds. By not raising these issues on direct appeal, Collins has procedurally defaulted on all of these claims. In addition, although Collins challenged on direct appeal the trial court's jurisdiction, the Indiana Court of Appeals found that he had waived the issue by failing to specifically object to the procedure for appointing a special judge. That issue is therefore procedurally defaulted as well. Williams v. Chrans, 894 F.2d 928, 934 (7th Cir.1990).
 
 
 17
 Collins suggests that his court-appointed attorney's failure to present these issues on direct appeal constitutes "cause" for the procedural default. Attorney error, as long as it does not rise to the level of ineffective assistance of counsel, does not constitute "cause" for a procedural default. Murray, 477 U.S. at 488. But Collins suggests that "cause" exists because his court-appointed attorney deliberately waived these issues as part of a conspiracy to preserve Collins' conviction. Appellant's Br. 11. However, Collins has waived any claim of ineffective assistance of appellate counsel by his failure to raise the issue in his habeas petition. Smith v. Fairman, 862 F.2d 630, 634-35 (7th Cir.1988), cert. denied, 490 U.S. 1008 (1989). Moreover, we find no plain error because Collins' conspiracy theory is unsupported in the record.
 
 
 18
 Collins also argues that because the state failed to appeal the dismissal of the charges against him, the state thereby consented to their dismissal. Collins seems to be claiming that the state waived all right to prosecute him for the shooting incident. Like many of his other arguments, this argument was not raised on direct appeal and is procedurally defaulted.
 
 
 19
 Thus, the only possible viable claims available for habeas review are those which Collins raised on direct appeal to the Indiana Court of Appeals (except the challenge to the trial court's jurisdiction, which he procedurally defaulted). Recall that on direct appeal Collins challenged the sufficiency of the evidence and the trial court's handling of various discovery matters. Neither of these challenges justifies granting federal habeas relief. The sufficiency of the evidence, though raised in this appeal, was not raised in Collins' habeas petition. That issue is therefore waived. Smith, 862 F.2d at 634-35. The trial court's handling of discovery is an issue of state law not cognizable on federal habeas review. Estelle v. McGuire, 112 S.Ct. 475, 476 (1991) ("[W]e reemphasize that it is not the province of a federal habeas court to reexamine state court determinations on state law questions.").[2]
 
 III.
 
 20
 For the foregoing reasons, we conclude that the district court correctly dismissed Collins' petition for a writ of habeas corpus. However, the dismissal should have been with prejudice. We therefore modify the district court's judgment to dismiss the petition with prejudice. 28 U.S.C. § 2106[3]; First Nat'l Bank v. Comptroller of the Currency, 956 F.2d 1360, 1368-69 (7th Cir.), petition for cert. filed, 61 U.S.L.W. 3005 (U.S. June 18, 1992) (No. 91-2052); Roberts v. American Airlines, Inc., 526 F.2d 757, 760 (7th Cir.1975), cert. denied, 425 U.S. 951 (1976).
 
 
 21
 MODIFIED and AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need for Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 To the extent Collins raised this issue on direct appeal, it is not cognizable on federal habeas review. Estelle v. McGuire, 112 S.Ct. 475, 476 (1991). See infra
 
 
 [2]
 The alleged discovery error does not rise to the level of a due process violation. Cf. Bell v. Duckworth, 861 F.2d 169, 170 (7th Cir.1988), cert. denied, 489 U.S. 1088 (1989) (procedural errors in state criminal trial do not amount to denial of due process)
 
 
 [3]
 Section 2106 provides:
 The Supreme Court or any other court of appellate jurisdiction may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review, and may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances.