**Jerome J. AHNE, et al., Plaintiffs,**

v.

**ALLIS–CHALMERS CORPORATION, et al., Defendants.**

No. 83–C–0921.

United States District Court,
E.D. Wisconsin.

May 16, 1984.

Lawrence A. Towers, Whyte & Hirschboeck, Milwaukee, Wis., for plaintiffs.

Stanley Weiner, Foley & Lardner, Milwaukee, Wis., for defendants.

## DECISION AND ORDER

WARREN, District Judge.

On July 22, 1983, plaintiffs, all participants or beneficiaries of a salaried employees' termination pay plan, filed their complaint in this case, alleging principally that the defendant employers acted with malice and in bad faith by making termination payments based not on established base salaries but on plaintiffs' temporarily-reduced salaries. Plaintiffs claim that this alleged violation of the termination pay plan constitutes a breach of contract and a wrongful deprivation of compensation and severance pay, actionable under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* Plaintiffs seek, among other things, compensatory

damages in amounts equal to the unpaid benefits allegedly due them under the termination pay plan and punitive damages for defendants' "intentional, malicious, bad faith conduct." Plaintiffs' Complaint at 17.

On October 4, 1983, defendants answered the charges against them, denying all material allegations and raising three affirmative defenses—among them, that two of plaintiffs' state claims for relief are preempted by ERISA and that none of the counts in the complaint states a claim upon which relief can be granted. Defendants seek dismissal of the complaint on its merits and costs and disbursements, including reasonable attorneys' fees.

Discovery in this case proceeded with regularity until approximately March 1, 1984, at which time the parties advised the Court during a status conference that they were unable to reach an agreement on a sequence for the further prosecution and defense of the underlying claims. In particular, plaintiffs contended that they should be permitted to file their motion for certification of the class prior to any resolution of the substantive issues in this action, while defendants maintained that the parties should file their cross motions for summary judgment before the Court addresses the class certification issue, if necessary.

Pursuant to the Court's order embodied in its summary letter of March 1, 1984, counsel for both sides have submitted letters further articulating their positions on whether the class certification issue should be resolved prior to the disposition of the summary judgment motions the parties anticipate filing. The Court has carefully reviewed these letters and considered the authority cited therein. Based on the analysis that follows, the Court concludes that it should resolve the parties' motions for summary judgment prior to its consideration of the class certification issue.

## RULE 23(c) AND THE PROPRIETY OF PRE-CERTIFICATION RESOLUTION OF DISPOSITIVE MOTIONS

Pursuant to Rule 23(c) of the Federal Rules of Civil Procedure, the district court must determine the propriety of class certification "[a]s soon as practicable after the commencement of an action brought as a class action...." As both parties have observed in their letter briefs, the courts have typically interpreted this as a requirement that the issue of class certification be addressed prior to any substantive resolution of the merits of the underlying complaint. In fact, this general rule forms the centerpiece of the United States Supreme Court's 1974 decision in *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 177–178, 94 S.Ct. 2140, 2152–2153, 40 L.Ed.2d 732 (1974):

> We find nothing in either the language or history of Rule 23 that gives a court any authority to conduct a preliminary inquiry into the merits of a suit in order to determine whether it may be maintained as a class action. Indeed, such a procedure contravenes the Rule by allowing a representative plaintiff to secure the benefits of a class action without first satisfying the requirements for it. He is thereby allowed to obtain a determination on the merits of the claims advanced on behalf of the class without any assurance that a class action may be maintained. This procedure is directly contrary to the command of subdivision (c)(1) that the court determine whether a suit denominated a class action may be maintained as such "[a]s soon as practicable after the commencement of [the] action...." In short, we agree with Judge Wisdom's conclusion in *Miller v. Mackey International,* 452 F.2d 424 (CA5 1971), where the court rejected a preliminary inquiry into the merits of a proposed class action:

> > In determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met. *Id.,* at 427.

*See also American Pipe & Construction Company v. Utah,* 414 U.S. 538, 547, 94 S.Ct. 756, 763, 38 L.Ed.2d 713, *rehearing*

*denied,* 415 U.S. 952, 94 S.Ct. 1477, 39 L.Ed.2d 568 (1974) (1966 amendment to Rule 23 designed "to assure that members of the class would be identified before trial on the merits and would be bound by all subsequent orders and judgments").

Taking its cue from the Supreme Court's decision in *Eisen,* the Court of Appeals for the Seventh Circuit has likewise held that delaying class certification until after the district court has ruled on the merits of the underlying complaint would unjustly expose the defendant to so-called "one-way intervention" by potential class members.[1] In *Peritz v. Liberty Loan Corporation,* 523 F.2d 349, 353–354 (7th Cir.1975), the Seventh Circuit stated bluntly that

> Rule 23 *requires* class certification prior to a determination on the merits.
>
> The language of Rule 23(c) itself is clear in this regard.... Section 23(c)(1) makes it plain in the second sentence thereof that the order determining class status is to be made and finalized "before the decision on the merits." Section 23(c)(2) similarly indicates that the class members in a 23(b)(3) class action are to be notified early enough to allow voluntary exclusion prior to "judgment" and also early enough to allow for effective appearance by counsel. Section 23(c)(3), by providing that the judgment shall bind all class members, was specifically intended to confront the one-way intervention problem....
>
> Inasmuch as the plaintiffs here did not seek certification, and in fact affirmatively sought resolution on the merits prior to certification in the fact of objections by the defendants, they have themselves effectively precluded any class certification in this case.

*See also Fujishima v. Board of Education,* 460 F.2d 1355, 1360 (7th Cir.1972) (if prerequisites for class certification under Rule 23 are met, the district court, having ruled on the merits of the case, "may not deny class status because there is no 'need' for it").

Significantly, however, the Seventh Circuit in *Peritz* explicitly reserved judgment on the precise issue now before this Court —namely, whether a class determination can be delayed until after a decision on the merits when the defendant voluntarily waives the right to an early certification ruling:

> We need not decide whether in all cases Rule 23(c) would bar certification subsequent to a decision on the merits. We do note that the Third Circuit has held that a defendant may expressly waive the one-way intervention protection of 23(c) and thereby postpone determination and notice until after resolution of the merits, *Katz v. Carte Blanche Corp.,* 496 F.2d 747 (3d Cir.1974), *cert. denied,* 419 U.S. 885, 95 S.Ct. 152, 42 L.Ed.2d 125 (1974), and that the Fifth Circuit may have at least *sub silentio* indicated that a defendant who seeks summary judgment without first seeking class determination may thereby waive objection to a class certification after a ruling on his motion, at least where plaintiff has taken no affirmative action other than to defend against the motion. *Partain v. First National Bank of Montgomery,* 336 F.Supp. 65 (M.D.Ala. 1971), *rev'd,* 467 F.2d 167 (5th Cir.1972), *class certified on remand,* 59 F.R.D. 56 (M.D.Ala.1973). *See also Haas v. Pittsburgh National Bank,* 381 F.Supp. 801, 802–06 (W.D.Pa.1974).

---

1. The inequities posed by one-way intervention and the remedies embodied in Rule 23(c) were described by the Advisory Committee at the time of the 1966 amendments as follows:

> Hitherto, in a few actions conducted as "spurious" class actions and thus nominally designed to extend only to parties and others intervening *before* the determination of liability, courts have held or intimated that class members might be permitted to intervene *after* a decision on the merits favorable to their

interests, in order to secure the benefits of the decision for themselves, although they would presumably be unaffected by an unfavorable decision.... Under proposed subdivision (c)(3), one-way intervention is excluded; the action will have been early determined to be a class or nonclass action, and in the former case the judgment, whether or not favorable, will include the class, as above stated. *Advisory Committee's Note Regarding Rule 23,* 39 F.R.D. 105 (1966) (emphasis in original).

*Peritz v. Liberty Loan Corporation,* 523 F.2d 349, 354 n. 4 (7th Cir.1975); *cf., Simmons v. Drew,* 716 F.2d 1160, 1164 (7th Cir.1983) (affirming summary judgment as to one plaintiff, granted by the district court prior to class certification).

While the Seventh Circuit has thus stopped short of any clear statement on this procedural vagary, at least two other courts of appeals have explicitly recognized the defendant's right to waive early class determination. In *Postow v. OBA Federal Savings & Loan Association,* 627 F.2d 1370, 1382–1383 (D.C.Cir.1980), the Court of Appeals for the District of Columbia discussed the policy justifications for pre-judgment certification and their apparent absence when the defendant himself seeks an early decision on the merits:

> Other courts have expressly held that a defendant may waive the protections Rule 23(c) offers and elect to have the merits decided before the class certification question and before notice is sent to the class when, as here, the defendant moves for summary judgment before resolution of the certification issue [citations omitted].

> ... [T]he strongest argument for construing *Eisen* [*v. Carlisle & Jacquelin,* 417 U.S. 156 [94 S.Ct. 2140, 40 L.Ed.2d 732] (1974)] to preclude post-judgment class certification is that pre-judgment certification and notice to the class are necessary to protect the defendant from future suits by potential members of the class. But that rationale disappears when the defendant himself moves for summary judgment before a decision on class certification. In such a situation, "the defendants ... assume the risk that a judgment in their favor will not protect them from subsequent suits by other potential class members, for only the slender reed of *stare decisis* stands between them and the prospective onrush of litigants" [*Haas v. Pittsburgh National Bank,* 381 F.Supp. 801, 805 (W.D.Pa. 1974), *rev'd on other grounds,* 526 F.2d 1083 (3d Cir.1975)].

More recent Supreme Court decisions have provided for appeal of a Rule 23(b)(3) class certification denial after a decision on the merits of an action. A necessary corollary to those cases is that if the denial of the class certification is reversed and remanded, the class may be certified after the entry of judgment. Those cases therefore demonstrate the Court's tolerance for allowing, in appropriate circumstances, potential class members the option of joining an action after the trial court has passed on the merits of the basic claim.

Similarly, the Court of Appeals for the Third Circuit has approved pre-certification disposition on the merits, but not without noting the attendant danger to the defendant willing to forego early resolution of the class issue:

> If a class action defendant insists upon early class action determination and notice, he is, under the rule, entitled to it. But where he makes a nonfrivolous claim that his business will be harmed or disrupted by the notice, and is willing to run the risk that the determination of liability, if he loses, will be given effect in favor of the class, with notice in the event of such determination, the district court must seriously consider that alternative, and should, absent other compelling circumstances, pursue that course. A defendant taking such a position would, of course, be deemed to have waived any seventh amendment right to a unitary trial before a single jury on all issues, and would realize that the statute of limitations was tolled in favor of the class. He would lose, as well, the collateral estoppel effect against the class of a favorable judgment on liability.

*Katz v. Carte Blanche Corporation,* 496 F.2d 747, 762 (3d Cir.1974), *cert. denied,* 419 U.S. 885, 95 S.Ct. 152, 42 L.Ed.2d 125 (1975); *see also Roberts v. American Airlines, Inc.,* 526 F.2d 757, 762–763 (7th Cir. 1975), *cert. denied,* 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976) (while defendants assumed the risk that a judgment in their favor would not protect them from subsequent suits by other potential class members, they retained the "not inconse-

quential protection of stare decisis regarding claims of unnamed plaintiffs").

The upshot of all this is that while the general rule against pre-certification review of the merits of a case remains the touchstone for resolving disputes like the present, the courts have carved out a limited exception for those defendants willing to forego the protections attendant on early determination of the class issue. That exception, which the Court finds wholly applicable to this case, allows the defending party to exercise its option to waive the safeguard of res judicata implicit in Rule 23's requirement that the class question be addressed "[a]s soon as practicable after the commencement of an action." The risk to the defendant is, of course, that if he loses on the liability issue, that result will be given effect as to a class of yet undefined numbers and composition; if he wins, he may still face subsequent prosecution by other potential class members whose claims might be barred only under the limited scope of the stare decisis doctrine.

Notwithstanding this double-edged gamble, the defendants in this case have offered to waive the protection against one-way intervention "in order to expedite the litigation and potentially save the parties and the court substantial time and expense." Letter of Stanley Weiner at 4 (March 23, 1984). In support of their position, defendants argue that an early decision on the merits of this case would promote prosecutorial and defense-related economy by focusing the attention of the parties at this initial stage on the substantive issues raised in plaintiffs' complaint. Thereafter, if this Court grants summary judgment in favor of the defendants, "all parties will have benefited from a delay in class discovery and the briefing of class determination issues, ... saving ... considerable time and expense...." Letter of Stanley Weiner at 2 (March 23, 1984). At the same time, if defendants' motion for summary judgment is denied or plaintiffs' motion with respect to some of their claims is granted, the litigation will simply proceed to the class determination stage, absent any inordinate prejudice to either side.

Admittedly, plaintiffs maintain that they will be prejudiced if the certification issue is not briefed forthwith; in particular, they argue that defendants' request is little more than a "dilatory tactic" that will only serve to postpone the relief to which plaintiffs feel they are entitled. Letter of Lawrence A. Towers at 3–4 (March 23, 1984). Yet in order to secure the damages they seek, plaintiffs must address, in some sequence, both the propriety of certification and the merits of their underlying complaint. The defendants' proposal merely provides a means of expediting this litigation by addressing the substantive issues first, while not precluding consideration of the Rule 23 matter at a later date. Likewise, the Court is not sufficiently persuaded of the propriety of plaintiffs' approach by the mere prospect that only some and not all of their claims may prove amenable to resolution on summary judgment; even assuming that this proves to be the case, the Court opines that the conservation of time and resources as to those counts that are susceptible to Rule 56 motions justifies its decision to postpone consideration of class certification until a later time.

Finally, the Court recognizes that today's decision may necessitate the taking of some supplemental depositions on the class issue if the case is not entirely resolved on summary judgment. Nonetheless, it feels strongly that the benefits that may accrue under defendants' plan to both this Court and the litigants before it will outweigh the modest burden imposed on both parties if a limited, second round of discovery is required.

## CONCLUSION

For the reasons stated herein, the Court concludes that resolution of the class certification issue should await the disposition of the parties' cross motions for summary judgment. In order to establish filing and briefing schedules on the parties' motions, to set revised discovery deadlines, if necessary, and to elicit advice from counsel re-

garding further proceedings in this case, the Court has scheduled a brief status conference for *8:30 A.M., on Thursday, May 24, 1984.* As indicated, the parties should come prepared to discuss their expectations for the continued prosecution and defense of this matter.