Raul F. **RODRIGUEZ**, et al.,
Plaintiffs, Appellees,

v.

**BANCO CENTRAL**, et al.,
Defendants, Appellants.

No. 85–1620.

United States Court of Appeals,
First Circuit.

Argued Feb. 3, 1986.

Decided May 7, 1986.

See also, 102 F.R.D. 897.

Luis Sanchez-Betances, with whom Cepeda, Sanchez-Betances & Sifre, Marcos A. Ramirez and Ramirez & Ramirez, Hato Rey, P.R., were on brief, for defendants, appellants.

Alberto F. Tellechea, Orlando, Fla., with whom Francisco Lopez Romo, Hato Rey, P.R., and Ambrette & Tellechea, Orlando, Fla., were on brief, for plaintiffs, appellees.

Before CAMPBELL, Chief Judge, BREYER and TORRUELLA, Circuit Judges.

LEVIN H. CAMPBELL, Chief Judge.

Defendants-appellants Banco Central, et al., appeal from an order of the United States District Court for the District of Puerto Rico deferring decision on the certification of plaintiffs-appellees' action as a class action pending trial of a "test case" brought on behalf of one of the named plaintiffs. We conclude that we do not have jurisdiction over this interlocutory appeal and dismiss.

## I.

On August 2, 1982, plaintiffs Raul F. Rodriguez, Maria Alonso, and approximately 50 other named individuals filed suit in the United States District Court for the District of Puerto Rico against defendant Banco Central and a number of real estate owners, developers, and brokers. The complaint alleges that defendants defrauded plaintiffs in connection with the sale of property in three real estate developments in the state of Florida in violation of the Interstate Land Sales Full Disclosure Act, 15 U.S.C. §§ 1701 *et seq.* (1982 & Supp. II 1984), the Securities Exchange Act of 1934, 15 U.S.C. §§ 78a *et seq.* (1982 & Supp. II 1984), and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 *et seq.* (1982 & Supp. II 1984). Plaintiffs further allege that they represent a class of more than 3,000 similarly situated persons who purchased real estate from defendants.

On September 16, 1982, plaintiffs filed a motion for class certification, which defendants opposed.[1] The district court directed

---

1. Plaintiffs sought class certification pursuant to Fed.R.Civ.P. 23(b)(3). Rule 23 provides in part,

(a) *Prerequisites to a Class Action.* One or more members of a class may sue or be sued as representative parties on behalf of all only

the parties to engage in discovery in respect to the class certification issue. Over the following two years, discovery took place under supervision of a magistrate. During this period additional named plaintiffs also joined in the complaint.

At a conference held on April 26, 1985, the magistrate said he would allow defendants discovery as to all plaintiffs, and not simply as to a representative group of the putative class. Thereafter, on May 14, plaintiffs filed a motion requesting that the decision regarding class certification be held in abeyance pending trial of a "test case" involving one of the named plaintiffs. The district court approved plaintiffs' motion over the objection of defendants on May 31, 1985, and subsequently denied defendants' motion for reconsideration. This appeal followed.

## II.

Defendants' principal contention is that the district court erred in deciding, over their objection, to postpone its ruling on plaintiff class certification until after the trial of a test case. Defendants persuasively point out that the district court's decision to proceed with a test case prior to ruling on plaintiffs' motion for class certification pursuant to Fed.R.Civ.P. 23(b)(3) is proscribed by Fed.R.Civ.P. 23(c),[2] which provides in subpart (c)(1) that a district court must make a determination on the question of class certification "[a]s soon as practicable after the commencement of an action." Although a ruling on certification may be made conditionally and subsequently altered or amended, subpart (c)(1) states that any amendment should be made "before the decision on the merits."[3]

---

if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

(b) *Class Actions Maintainable.* An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

.  .  .  .  .

(3) the court finds that the questions of law or fact common to the members of the class predominate over any question affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

2. Rule 23(c) provides in part,

(1) As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained. An order under this subdivision may be conditional, and may be altered or amended before the decision on the merits.

(2) In any class action maintained under subdivision (b)(3), the court shall direct to the members of the class the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice shall advise each member that (A) the court will exclude him from the class if he so requests by a specified date; (B) the judgment, whether favorable or not, will include all members who do not request exclusion; and (C) any member who does not request exclusion may, if he desires, enter an appearance through his counsel.

(3) ... The judgment in an action maintained as a class action under subdivision (b)(3), whether or not favorable to the class, shall include and specify or describe those to whom the notice provided in subdivision (c)(2) was directed, and who have not requested exclusion, and whom the court finds to be members of the class.

3. *See* Fed.R.Civ.P. 23(c)(3) advisory committee note (1966) ("Under proposed subdivision (c)(3), one-way intervention is excluded; the action will have been early determined to be a class or nonclass action, and in the former case the judgment, whether or not favorable, will include the class."); *see also Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 177–78, 94 S.Ct. 2140, 2152–53, 40 L.Ed.2d 732 (1974); *American Pipe & Construction Co. v. Utah,* 414 U.S. 538, 547, 94 S.Ct. 756, 763, 38 L.Ed.2d 713 (1974); *Andrews v. Bechtel Power Corp.,* 780 F.2d 124, 131 (1st Cir.1985).

Defendants not only contend that the court's order violates the strictures of Rule 23(c), but also urge that it will result in a fundamentally unfair procedure. If the plaintiff class is certified, and if notice only issues *after* a decision on the merits in a test case, the absent class members will not be bound by an adverse judgment, for they can request exclusion from the class under Rule 23(c)(2). If, on the other hand, the result of the test case is favorable to the plaintiff, the absent class members will be free to participate in the judgment. Defendants point out that those cases which hold or suggest that it may be appropriate for a district court to proceed with a test case on the merits before ruling on the issue of class certification in a Rule 23(b)(3) class action are all predicated on the theory that the party opposing the class has either expressly or constructively waived its right under Rule 23(c) to a premerits determination of the class certification issue.[4] Here the parties opposing the class have not waived their right, and strenuously oppose the procedure.

These are potent arguments; the district court, on its own initiative, may well wish to reconsider its proposed actions in light of them. Nonetheless, this court cannot adjudicate these matters unless we have jurisdiction over this appeal. After careful consideration, we conclude that the order from which the appeal is taken is not appealable at this time, being interlocutory and outside the collateral order exception to the final judgment rule. Accordingly, we must dismiss the appeal.

### A. *Untimeliness of Notice of Appeal*

Before analyzing the appealability of the challenged order, we turn to plaintiffs' alternate contention that defendants' appeal fails because filed several weeks beyond the 30-day period for filing a notice of appeal. Fed.R.App.P. 4(a)(1) provides in part,

> In a civil case in which an appeal is permitted by law as of right from a district court to a court of appeals the notice of appeal ... shall be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from.

Here, the district court's order granting plaintiffs' motion to hold class certification in abeyance pending trial of a test case was entered on June 4, 1985. Nine days later, on June 13, 1985, defendants filed a motion for reconsideration in the district court requesting the court to set aside its June 4 order or, in the alternative, to permit an appeal of the issue to this court under 28 U.S.C. § 1292(b) (1982).[5] Defendants' motion for reconsideration was denied in an order entered on July 2, 1985. On July 29, 1985, defendants filed their notice of appeal. Thus, while defendants' notice of

---

**4.** *See, e.g., Wright v. Schock,* 742 F.2d 541 (9th Cir.1984) (district court did not abuse its discretion in ruling on defendants' motion for summary judgment prior to ruling on plaintiffs' motion for class certification where defendants implicitly consented to district court's manner of proceeding); *Postow v. OBA Federal Savings & Loan Ass'n,* 627 F.2d 1370 (D.C.Cir.1980) (district court did not abuse its discretion in sending notice to class members after granting plaintiffs' motion for summary judgment where defendant constructively waived protections of Rule 23(c), and postjudgment class notice did not inform potential class members as to the existence of any judgment in their favor); *Katz v. Carte Blanche Corp.,* 496 F.2d 747, 758–62 (3d Cir.) (en banc) (approving use of test case method in Rule 23(b)(3) class action where the defendant expressly waived its right to secure a ruling on the issue of class certification before a decision on the merits), *cert. denied,* 419 U.S. 885, 95 S.Ct. 152, 42 L.Ed.2d 125 (1974); *Ahne v.*

*Allis-Chalmers Corp.,* 102 F.R.D. 147 (E.D.Wis. 1984) (district court decided to resolve parties' motions for summary judgment prior to consideration of class certification issue where defendants offered to waive protections of Rule 23(c)).

**5.** Section 1292(b) provides in pertinent part,

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order....

appeal was filed within 30 days of the entry of the district court's denial of their motion for reconsideration, more than 30 days had elapsed since the entry of the district court's contested June 4 order.

Under Fed.R.App.P. 4(a)(4),

If a timely motion under the Federal Rules of Civil Procedure is filed in the district court by any party: (i) for judgment under Rule 50(b); (ii) under Rule 52(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (iii) under Rule 59 to alter or amend the judgment; or (iv) under Rule 59 for a new trial, the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion.

Plaintiffs argue that defendants' June 13, 1985 motion for reconsideration did not restart the 30-day period for notice of appeal prescribed in Fed.R.App.P. 4(a)(1), because it was not a motion made under Fed.R. Civ.P. 50(b), 52(b), or 59. Therefore, they say, defendants' notice of appeal was untimely as to the underlying June 4, 1985 order holding class certification in abeyance.

■ Plainly, defendants' motion for reconsideration cannot be classified under either Rule 50(b) (motion for judgment notwithstanding the verdict) or Rule 52(b) (motion for amendment of findings).[6] Nonetheless, we think it fits within Rule 59, leading us to believe that the notice of appeal was timely with respect to the original June 4 order.

Rule 59, which concerns new trials and amendment of judgments, provides in subpart (e) for motions "to alter or amend a judgment," and states that "[a] motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment." While defendants' motion

for reconsideration was made within ten days of the district court's June 4 order holding class certification in abeyance, plaintiffs argue that Rule 59(e) has no application here because the district court's June 4 order was not a "judgment."

However, the term "judgment" is broadly defined in the federal rules as including "a decree *and any order from which an appeal lies.*" Fed.R.Civ.P. 54(a) (emphasis added); *see Bankers Trust Co. v. Mallis,* 435 U.S. 381, 384 n. 4, 98 S.Ct. 1117, 1119–20 n. 4, 55 L.Ed.2d 357 (1978) (per curiam). Thus *if* the order entered on June 4, 1985 were an appealable order, *but see* discussion in part II B, *infra,* it would technically be a "judgment," and defendants' timely motion for reconsideration would delay the running of the 30-day appeal period prescribed in Fed.R.App.P. 4(a)(1) until the district court, on July 2, 1985, denied the motion for reconsideration. *See Denley v. Shearson/American Express, Inc.,* 733 F.2d 39 (6th Cir.1984) (applying Rule 59(e) to motion for reconsideration of district court's order staying proceedings pending arbitration, where order was appealable under 28 U.S.C. § 1292(a)(1)). We, therefore, reject plaintiffs' contention that defendants' notice of appeal was filed too late.

We would be tempted to reach the same result even were the technical applicability of Rule 59 in doubt. The vast majority of interlocutory district court orders are nonappealable, so a litigant's only speedy avenue of recourse is to request the district court to reconsider its ruling. Little purpose would be served in penalizing a party for requesting a district court to reconsider a disputed interlocutory ruling before attempting to take its grievance to the court of appeals.

### B. *Finality*

■ But while the notice of appeal was thus timely filed, we believe that defend-

---

**6.** We also note that defendants' motion for reconsideration cannot be classified as a motion for relief from judgment or order under Fed.R. Civ.P. 60 because this rule does not afford a party relief from errors of law. *Elias v. Ford Motor Co.,* 734 F.2d 463, 466–67 (1st Cir.1984).

A motion made pursuant to Rule 60 does not affect the finality of a judgment, and does not restart the clock for the purposes of taking an appeal. *Burnam v. Amoco Container Co.,* 738 F.2d 1230, 1232 (11th Cir.1984).

ants are faced with an insurmountable hurdle in 28 U.S.C. § 1291 (1982). Section 1291 only grants the courts of appeals jurisdiction over appeals from "final decisions" of district courts.[7] The challenged order was plainly interlocutory—not a "final decision" in any normal sense. Defendants concede this, but insist that it falls within the collateral order exception to the final judgment rule articulated in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 545–47, 69 S.Ct. 1221, 1225–26, 93 L.Ed. 1528 (1949). *E.g., Boreri v. Fiat S.P.A.*, 763 F.2d 17, 21 (1st Cir.1985); *In re Continental Investment Corp.*, 637 F.2d 1, 4–5 (1st Cir.1980). We are not persuaded.[8]

This court recently summarized the *Cohen* doctrine in *In re American Colonial Broadcasting Corp.*, 758 F.2d 794, 803 (1st Cir.1985). We said,

> In order for an interlocutory order to be eligible for review as a collateral order under the *Cohen* rule,
>
> > [t]he order must involve: (1) an issue essentially unrelated to the merits of the main dispute, capable of review without disrupting the main trial; (2) a complete resolution of the issue, not one which is "unfinished" or "inconclusive;" (3) a right incapable of vindication on appeal from final judgment; and (4) an important and unsettled question of controlling law, not merely a question of the proper exercise of the trial court's discretion.
>
> *United States v. Sorren*, 605 F.2d 1211, 1213 (1st Cir.1979). "These requisites may be summarized as separability, finality, urgency, and importance." *In re*

*Continental Investment Corp.*, 637 F.2d 1, 5 (1st Cir.1980).

All four of the *Cohen* criteria must be met for an order to merit review as a collateral order. Applying these criteria to the challenged order, we find the third criterion, and hence the *Cohen* exception itself, inapplicable.

The first, second and fourth prongs of the *Cohen* test probably are satisfied in the instant case. As respects the first, the district court's order appears capable of review without disrupting the trial proper. Present review of the district court's test case order would not involve "considerations that are 'enmeshed in the factual and legal issues comprising the plaintiff's cause of action,'" *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 469, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978) (*quoting Mercantile National Bank v. Langdeau*, 371 U.S. 555, 558, 83 S.Ct. 520, 522, 9 L.Ed.2d 523 (1963)), so "the issues which animate this interlocutory appeal have no direct effect upon, and are not directly affected by, the triable issues in the main litigation." *Boreri v. Fiat S.P.A.*, 763 F.2d at 22.

Likewise, the second *Cohen* criterion—that the interlocutory order under appeal is "final" and will not be amended later in the district court proceedings—seems to be met. Since the district court apparently intends to use information gleaned from the proceedings in the test case to inform its decision on the certification question, it is unlikely to change its plans and rule on class certification prior to resolving the merits of the test case. *See Moses H. Cone Memorial Hospital v. Mercury Construc-*

---

7. Section 1291 provides that "[t]he courts of appeals ... shall have jurisdiction of appeals from all final decisions of the district courts of the United States, ... except where a direct review may be had in the Supreme Court."

8. Our conclusion that the district court's interlocutory order is nonappealable has nothing to do with plaintiffs' insistence that, because the district court rejected defendants' request to certify an appeal on the test case issue under 28 U.S.C. § 1292(b), *see* note 5, *supra* and accompanying text, they are precluded for that reason from relying on the collateral order doctrine. As the Third Circuit has said, "'[s]ince the dis-

cretion of the trial judge whether to certify [under section 1292(b) ] is itself unreviewable, the value of immediate review in the "small class" of cases where it is warranted under the collateral order doctrine could be irretrievably lost if [the] view that denial of certification *per se* bars interlocutory review were to prevail.'" *Forsyth v. Kleindienst*, 599 F.2d 1203, 1208 (3d Cir.1979) (*quoting Briggs v. Goodwin*, 569 F.2d 10, 60 (D.C.Cir.1977) (Wilkey, J., dissenting), *cert. denied*, 437 U.S. 904, 98 S.Ct. 3089, 57 L.Ed.2d 1133 (1978)), *cert. denied*, 453 U.S. 913, 101 S.Ct. 3147, 69 L.Ed.2d 997 (1981).

*tion Corp.*, 460 U.S. 1, 12 n. 14, 103 S.Ct. 927, 935 n. 14, 74 L.Ed.2d 765 (1983); *United States v. Alcon Laboratories*, 636 F.2d 876, 885 (1st Cir.), *cert. denied*, 451 U.S. 1017, 101 S.Ct. 3005, 69 L.Ed.2d 388 (1981). The instant ruling is in this respect arguably distinguishable from an order granting or denying class certification. In holding that a decision granting or denying class certification is nonappealable under *Cohen*, the Supreme Court noted that there is a substantial possibility that the district court will reverse itself or amend its certification order prior to final judgment. *Coopers & Lybrand v. Livesay*, 437 U.S. at 469 & n. 11, 98 S.Ct. at 2458 & n. 11. *See also* Fed.R.Civ.P. 23(c)(1).

Finally, in keeping with the fourth *Cohen* criterion, this appeal can be said to involve an "important and unsettled question of controlling law." *In re Continental Investment Corp.*, 637 F.2d at 5; *compare, e.g., Peritz v. Liberty Loan Corp.*, 523 F.2d 349, 354 (7th Cir.1975) ("the order determining class status is to be made and finalized 'before the decision on the merits' ") *with Katz v. Carte Blanche Corp.*, 496 F.2d 747, 762 (3d Cir.) (en banc) (permitting test case to proceed where defendant opposed prejudgment certification of plaintiff class), *cert. denied*, 419 U.S. 885, 95 S.Ct. 152, 42 L.Ed.2d 125 (1974); *see generally* Note, *Reopening the Debate: Postjudgment Certification in Rule 23(b)(3) Class Actions*, 66 Cornell L.Rev. 1218 (1981).

■ But while the first, second and fourth *Cohen* factors are arguably satisfied, the third factor—whether the right asserted is incapable of vindication on appeal from a final judgment—is not. In *In re San Juan Star Co.*, 662 F.2d 108, 112 (1st Cir.1981), we stated that the third *Cohen* factor "should be the 'central focus' and perhaps even the 'dispositive criterion' of appellate jurisdiction over [interlocutory] orders." This factor " 'turns on whether irreparable harm would result to appellants, not from the district court order itself, but from a delay in obtaining appel-

late review of that order,' " and it is clear that "potential burdens of litigation or relitigation cannot alone constitute the requisite harm." *Id.* In the instant case, we believe the challenged order could be effectively reviewed after a final judgment.

Defendants argue that the order cannot be effectively reviewed after a final judgment on the merits because the district court's decision to subject them to a test case before ruling on the issue of class certification will cause them irreparable harm in three principal ways: (1) a decision in the test case will bind all the defendants without binding anyone else other than the named test plaintiff; (2) the district court's decision to postpone its ruling on the certification issue has tolled the running of the statute of limitations with respect to all members of the putative class; and (3) the district court's decision deprives them of their seventh amendment right to a unitary trial before a single jury on all issues.

The difficulty with all of these arguments is that the same alleged harms inhere in the situation where a district court erroneously refuses to certify a plaintiff class. Yet the Supreme Court has held that an erroneous refusal to certify is *not* immediately appealable under the *Cohen* collateral order exception. *Coopers & Lybrand v. Livesay*, 437 U.S. at 468–69, 98 S.Ct. at 2457–58. Just as the Supreme Court believed there that sufficient appellate vindication of an erroneous refusal to certify a plaintiff class could be secured after a final judgment, we believe that sufficient vindication can later be obtained here, obviating any need for interlocutory review.

■ Respecting the first claim of alleged irreparable harm, it is true that if defendants prevail in the test case and the district court subsequently certifies the plaintiff class, all the class members (with the exception of the named test plaintiff) will have an opportunity to opt out of the class under Fed.R.Civ.P. 23(c)(2).[9] The district court's decision will be res judicata only in

---

9. For text of Rule 23(c)(2), *see* note 2, *supra.*

respect to the test plaintiff; as against the class members who opt out, defendants will have to settle for whatever lesser protection the application of stare decisis may afford. *Roberts v. American Airlines, Inc.*, 526 F.2d 757, 763 (7th Cir.1975), *cert. denied*, 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976). On the other hand, if the test plaintiff prevails and the class is certified, the class members will be free to participate in a favorable judgment.

These consequences do not, however, constitute irreparable harm. The specter that the class members will learn of the outcome on the merits before having to decide whether to opt in or out is no different from a similar opportunity class members now enjoy in cases where a district court erroneously refuses to certify a plaintiff class. If a district court declines to certify a plaintiff class, neither party can challenge that denial by way of an interlocutory appeal. *Coopers & Lybrand v. Livesay*, 437 U.S. at 468–69, 98 S.Ct. at 2457–58. However, following the Supreme Court's decisions in *Deposit Guaranty National Bank v. Roper*, 445 U.S. 326, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980) and *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 97 S.Ct. 2464, 53 L.Ed.2d 423 (1977), putative class members who never entered an appearance in the district court proceedings may intervene on appeal from a final judgment to challenge the district court's denial without violating the strictures of Rule 23, and the district court's refusal to certify the class can be reversed on appeal without necessitating a new trial on the merits. *See, e.g., McDonald v. United Airlines, Inc.*, 587 F.2d 357 (7th Cir.1978). Thus, even were a district court to rule promptly on the issue of class certification prior to judgment, the members of the putative class may still end up in a position where they receive notice of the outcome before having to decide whether to opt in or out.

Moreover, if there were a judgment for plaintiff in the test case and the plaintiff class were subsequently certified, the effects of the district court's allegedly erroneous manner of proceeding could be cured on appeal by vacating the order certifying the class. *Peritz v. Liberty Loan Corp.*, 523 F.2d 349, 352–55 (7th Cir.1975). Under this scenario, only the test plaintiff would be able to participate in the judgment; the putative class members would have to bring a second action to try their claims. Defendants might have to endure a second trial on the merits but, as we noted above, the potential burdens of relitigation do not constitute irreparable harm. *In re San Juan Star Co.*, 662 F.2d at 112. Thus, we cannot say that the effects upon defendants of undergoing the test case procedure and waiting to appeal in the usual course are so serious as to render the rights they assert "incapable" of later vindication.

■ Defendants' second contention is that they are suffering irreparable harm as a consequence of the district court's interlocutory order because the district court's decision to postpone its ruling on the issue of class certification has tolled the statute of limitations with respect to all of the putative class members. *Crown Cork & Seal Co. v. Parker*, 462 U.S. 345, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983). It is true that, regardless of whether federal or Puerto Rico law governs the limitations period in the case at bar, if the district court were to rule promptly on the issue of class certification and refuse to certify the class, the statute of limitations would run again with respect to the *individual* claims of the putative class members. *Fernandez v. Chardon*, 681 F.2d 42, 49–50 (1st Cir.1982), *aff'd sub nom. Chardon v. Fumero Soto*, 462 U.S. 650, 103 S.Ct. 2611, 77 L.Ed.2d 74 (1983).[10] However, the limitations period would not begin to run again with respect to the class; after the district court entered a final judgment on the merits, the putative class members could promptly intervene

---

**10.** We need not express any view as to whether the statute of limitations would begin to run anew with respect to the individual claims of the putative class members, or whether they would only gain the benefit of suspension of the limitations period. *Fernandez v. Chardon*, 681 F.2d at 50.

and appeal from the denial of class certification without fear that their claims were time-barred. *United Airlines, Inc. v. Mc-Donald*, 432 U.S. at 391–95 & n. 15, 97 S.Ct. at 2468–70 & n. 15.

While the district court's decision to proceed with a test case does not extend defendants' exposure to liability from the class claims, it arguably extends their exposure with respect to the individual claims. But, even if defendants were entitled to the interlocutory relief they seek, it is not at all clear that their exposure to liability from individual claims would be appreciably shortened on remand, because the district court might certify the plaintiff class, or conditionally certify the class pending further consideration on the eve of judgment. *See* Fed.R.Civ.P. 23(c)(1). Furthermore, defendants appear fully apprised of the scope of their potential liability. In these circumstances, we do not think that the suspension of the limitations period in respect to the individual claims is causing defendants irreparable harm.

■ Third, citing the Third Circuit's decision in *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 761–62 (3d Cir.) (en banc), *cert. denied*, 419 U.S. 885, 95 S.Ct. 152, 42 L.Ed.2d 125 (1974), defendants argue that the district court's order causes them irreparable harm because the seventh amendment guarantees them "a right to a unitary trial before a single jury on all issues." However, the *Katz* court did not hold that separating the issues of liability and class certification necessarily infringes on the seventh amendment; it merely suggested that, in certain circumstances, it might. *Id.* As Professors Wright and Miller have written, "there is no [general] constitutional impediment to trying different issues to the jury at separate times," 7A C. Wright & A. Miller, *Federal Practice & Procedure* § 1801, at 268 (1972), and defendants have not made any concrete showing of prejudice flowing from the bifurcation of the issues of liability and certification. *See Gasoline Products Co. v. Champlin Refining Co.*, 283 U.S. 494, 498–99, 51 S.Ct. 513, 514–15, 75 L.Ed. 1188 (1931); *Frank-*

*lin Music Co. v. American Broadcasting Co.*, 616 F.2d 528, 538 (3d Cir.1980). From this vantage point, we decline to speculate on how the district court's manner of proceeding might possibly infringe on any seventh amendment rights of defendants, if it infringes at all.

■ In sum, we reject defendants' arguments that the district court's decision to conduct a test case before ruling on the issue of class certification causes them such irreparable harm as to warrant interlocutory review. If the district court's order were deemed error on appeal from a final judgment, the effects of post-judgment certification of the plaintiff class could be cured by vacating the certification order. Defendants' claim that the district court's order extends their exposure to liability in respect to individual claims is purely speculative; even if the district court were to rule promptly on the issue of class certification, it is not at all clear that defendants' exposure on these claims would be appreciably shortened. Finally, defendants have failed to articulate any basis for their claim that the district court's manner of proceeding offends the seventh amendment.

Because the district court's order does not cause defendants irreparable harm and the defendants' asserted right to secure a ruling on the issue of class certification before the district court renders a judgment on the merits is capable of vindication on appeal from a final judgment, we hold that this interlocutory appeal does not fall within the *Cohen* collateral order exception to the final judgment rule.

*Appeal dismissed.*