Henry ADAMS, Plaintiff,

v.

The FORD MOTOR COMPANY, Chicago Assembly Plant; the International Union, United Automobile Aerospace and Agricultural Implement Workers of America, UAW; and UAW Local 551, all jointly and severally, Defendants.

No. 87C9408.

United States District Court,
N.D. Illinois, E.D.

Sept. 21, 1987.

MacArthur Drake, Gilbert King, Gary, Ind., for plaintiff.

Ronald Bobbitt, Chicago, Ill., for Ford.

Michael B. Erp, Katz Friedman Schur & Eagle, Chicago, Ill., for Union.

MEMORANDUM OPINION
AND ORDER

ASPEN, District Judge:

Plaintiff Henry Adams brings this action against defendants Ford Motor Company ("Ford"), the International Union of the United Automobile and Aerospace and Agricultural Implement Workers of America ("UAW"), and Local 551. This action arises under Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185(a). The defendants move to dismiss or, alternatively, for summary judgment. For the reasons stated below, we grant the defendants' motion for summary judgment.

I

Adams, a dues-paying member of Local 551, was laid off from his job at Ford on January 31, 1986. On February 19, 1986, he asked Local 551 to submit a grievance to arbitration on the grounds that Ford laid

him off without just cause in derogation of the UAW–Ford collective bargaining agreement. Adams' attorney sent Local 551 a letter on March 27, 1986, repeating the request for arbitration of the grievance and stating that Adams would consider Local 551's failure to act within ten days as a refusal to file. Adams' next and final request was sent on November 28, 1986. Local 551 never submitted the grievance. Adams filed this § 301 action on December 3, 1986, alleging that Ford's dismissal of Adams breached the collective bargaining agreement, and that Local 551's and the UAW's failure to seek arbitration on the dismissal breached their duty of fair representation.

Under the terms of the UAW Constitution, Adams could have appealed Local 551's inaction to the Amalgamated Local Union, then to the UAW's International Executive Board, and finally to either the Conventional Appeals Committee or the Public Review Board. UAW Constitution, Article 33, §§ 1, 2. A successful appeal would have resulted in a reversal of Local 551's inaction and the union's submission of Adams' grievance to arbitration. Adams did not, however, pursue those appeals before bringing this action.

In their separate motions, Ford and the union defendants contend that since Adams did not exhaust any or all of the available union appeals, he cannot challenge either the dismissal or Local 551's inaction in this Court. Adams responds that an appeal would have been futile because Ford was not bound to arbitrate any grievance submitted after a union appellate tribunal reversed the local's decision not to seek arbitration. Therefore, Adams contends, he should be able to maintain this action without having first pursued the available union appeals. Defendants reply that an October 5, 1976 Letter Agreement establishes that a successful appeal by Adams would have required Ford to arbitrate Adams' grievance.[1] Adams has not disputed the authenticity or enforceability of the Letter Agreement.[2] We agree with defendants' position and accordingly grant their motions for summary judgment.[3]

## II

■ An employee-union member must exhaust all procedures provided by a collective bargaining agreement before maintaining a § 301 action against the employer. *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 652–53, 85 S.Ct. 614, 616, 13 L.Ed.2d 580 (1965). The employee-union member must further exhaust all appropriate internal union procedures unless those procedures "would be inadequate either to reactivate the employee's grievance or to award him the full relief he seeks under § 301." *Clayton v. International Union*, 451 U.S. 679, 690, 101 S.Ct. 2088, 2095, 68 L.Ed.2d 538 (1981).[4] Thus, a collective bargaining agreement that does not adequately provide for the arbitration of a grievance after the employee's successful internal union appeal excuses the exhaustion requirement. *Id.*, 451 U.S. at 692, n. 18, 101 S.Ct. at 2096,

1. The letter states:
   However, subject to the provisions of Article VII, Section 19 of the parties' Agreement, in those instances where the UAW's International Executive Board, Public Review Board, or Constitutional Convention Appeals Committee have reviewed a grievance disposition and found that such disposition was improperly concluded by the Union body or representative involved, the National Ford Department may so inform the Labor Relations staff of the Company and request in writing that such grievance be reinstated in the parties' grievance procedure at the same level at which it was originally settled. *After receipt of such written request, the grievance will be so reinstituted by the Company.* (Emphasis added).

2. Adams' "Amended Statement in Compliance with Rule 12(f)" does not address the defendants' Rule 12(e) statement that the Letter Agreement binds Ford to arbitration. Accordingly, for purposes of this motion, the Letter Agreement and its contents are admitted as uncontroverted fact. Local Rule 12(f).

3. Our decision relies on facts not included in the pleadings. Accordingly, summary judgment is appropriate rather than dismissal. *Roman v. United States Postal Service*, 821 F.2d 382, 385 (7th Cir.1987).

4. The Supreme Court also held explicitly that the exhaustion requirement applies to § 301 actions against the union as well as against the employer. *Clayton*, 451 U.S. at 694–95, 101 S.Ct. at 2098.

n. 18. *See also Schultz v. Owens-Illinois, Inc.,* 696 F.2d 505, 513 (7th Cir.1982) (internal avenues were inadequate because the union had only three days to reactivate the grievance and hold the company contractually to arbitration).

In *Miller v. General Motors Corp.,* 675 F.2d 146, 147 (7th Cir.1982), General Motors and the UAW agreed by a Letter Agreement that General Motors would arbitrate "if one of the union's appellate tribunals determined that the grievance had been improperly disposed of by union officials." The Seventh Circuit held that the available union appeals were adequate and accordingly granted summary judgment for defendants on the § 301 action because the plaintiff failed to pursue those appeals. The Seventh Circuit reasoned that its decision promotes the policy set forth in *Republic Steel* and *Clayton* of encouraging the negotiation and administration of collective agreements:

> As long as the intra-union appeals process could result in the reinstatement of a grievance, thus bringing it back within the framework of the collectively negotiated procedure for settling contract disputes, final resolution of the employee's contractual grievance is possible through the preferred private means. *Id.* at 149.

■ The *Miller* holding and rationale support our decision that Adams failed to exhaust the adequate internal union remedies that the UAW Constitution makes available, and therefore cannot maintain this action. Like the agreement in *Miller,* the UAW–Form Letter Agreement requires Ford to arbitrate Adams' dismissal if, on appeal, the union finds that Local 551 improperly failed to seek arbitration on Adams' grievance. A successful appeal would place the grievance within collectively-bargained dispute-resolution mechanisms, and avoid the necessity for premature judicial resolution. By reaffirming Adams' duty to try to resolve employment disputes within the framework of the collective bargaining agreement and UAW Constitution, before seeking court-ordered relief, our decision advances "the national labor policy of encouraging private resolution of contractual labor disputes." *Clayton,* 451 U.S. at 693, 101 S.Ct. at 2097.

### III

### CONCLUSION

Adams' failure to pursue the available union appeals bars this § 301 action. Accordingly, defendants' motions for summary judgment are granted. It is so ordered.