702 F.Supp. 1391 (1988)
Kelly MERK, Joseph Staszewski, Vickie Menach, Donna McCormick, David Therkfield, John Malone, Marlene Wagner, Michael Demare, Wayne Volker, Eleanore Collins, Andrew Kachik, Patricia Todd, Linda Singleton, and Kevin Quaid, on behalf of themselves and all others similarly situated, Plaintiffs,
v.
JEWEL FOOD STORES DIVISION, JEWEL COMPANIES, INC., American Stores Company, Inc., and United Food and Commercial Workers Union Local No. 881, Chartered by United Food and Commercial Workers International Union, AFL-CIO and CLC, Defendants.
No. 85 C 7876.
United States District Court, N.D. Illinois, E.D.
December 16, 1988.
*1392 *1393 William Cremer, Howard Priess, Francis Spina, Tressler Soderstrom Maloney & Priess, Wheaton, Ill., for plaintiffs.
Robert Karmel, Neal D. Rosenfeld, Jairus M. Gilden, Karmel & Rosenfeld, John J. Murphy, Terrill E. Pierce, Kivar Nelson & Brittain, Chicago, Ill., for defendants.

MEMORANDUM OPINION AND ORDER
ASPEN, District Judge:
On February 26, 1984, Jewel Food Stores, Inc. ("Jewel") unilaterally reduced the wages and benefits of various employees in apparent contravention of a written collective bargaining agreement with the United Food and Commercial Workers Union, Local No. 881 ("Local"). The Local immediately filed suit which was assigned by lot to District Judge Susan Getzendanner. United Food and Commercial *1394 Workers Union Local 881 v. Jewel Food Store Division, Jewel Cos., Inc., No. 84 C 1648 (N.D.Ill.). After Judge Getzendanner ordered the parties to submit their dispute to binding arbitration, the parties settled and the court entered a consent judgment on June 21, 1985.
The plaintiffs here, former Jewel employees at the time of judgment in the 1984 action, were excluded from the settlement and filed this three-count action against Jewel and the Local charging breaches of the collective bargaining agreement (Count I) and its attendant duties of fair representation (Counts II and III) under § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. On August 26, 1988, we granted defendants' motion for summary judgment as to Counts II and III, holding that since the Local was not the former employees' bargaining representative as to those grievances, it owed no duty of fair representation. We also held that this action was filed within the applicable statute of limitations and accordingly denied Jewel's motion to dismiss Count I. Merk v. Jewel, 641 F.Supp. 1024 (N.D.Ill. 1988). The Seventh Circuit affirmed these decisions on interlocutory appeal. 848 F.2d 761 (7th Cir.), cert. denied, ___ U.S. ___, 109 S.Ct. 393, 102 L.Ed.2d 382 (1988).
The parties now direct their energies at the remaining count, with plaintiffs moving for class certification and summary judgment and Jewel moving for dismissal. For the following reasons, we grant the motion for class certification and deny the motions to dismiss and for summary judgment.

THE MOTION FOR CLASS CERTIFICATION
Fed.R.Civ.P. 23, the rule governing class actions, provides in pertinent part:
(a) Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.
* * * * * *
(b) Class Actions Maintainable. An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied and, in addition:
* * * * * *
(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.
Plaintiffs seek to certify the following class: all current and former Jewel employees who are also current and former members of the Local and who voluntarily or involuntarily left Jewel between February 26, 1984, the date of Jewel's alleged breach, and June 21, 1985, the date of settlement. Jewel concedes, as it must, that prerequisites 23(a)(1), (2), and (4) are satisfied. The putative class contains at a minimum fifteen hundred members whose joinder would render this litigation prohibitively unwieldy. There are common questions of law and fact that implicate Jewel's liability to all members, notably Jewel's rights under an alleged supplemental oral agreement. The named plaintiffs can adequately protect the interests of the putative class.
Jewel's opposition to class certification centers on the typicality and predominance of common issues requirements. Jewel contends that those members of the putative class whom Jewel hired at the lower wage and benefits levels (that is, those hired after February 26, 1984) waived or are estopped from claiming the more favorable contractual rights at issue here. As to them, the named plaintiffs' claims are atypical and Jewel's defenses predominate over common issues. Accordingly, Jewel concludes, certification should be denied or at a minimum the class narrowed to exclude the post-February 26 hirees.
*1395 Jewel seeks to tie our hands in a way not contemplated by Rule 23. A court's power under the rule is not so limited that we are forced to decide at this stage of the litigation whether the affirmative defenses as to certain individuals in the putative class mandate either their exclusion from this lawsuit or outright denial of certification. We are given broad discretion in the class action context, In re General Motors Corp. Engine Interchange Litigation, 594 F.2d 1106, 1129 n. 38 (7th Cir.), cert. denied, 444 U.S. 870, 100 S.Ct. 146, 62 L.Ed.2d 95 (1979), and may exercise that discretion with considerable flexibility in order to assure fairness to the parties and to promote the efficient resolution of all disputes arising out of a transaction or set of circumstances.
Rule 23 provides specific mechanisms, such as the certification of subclasses, 23(c)(4), as well as a general authorization to "prescrib[e] measures to prevent undue repetition or complication." Rule 23(d). Courts have not been reluctant to devise a litigation procedure that allows a class action to proceed despite early perceived certification problems as long as all of the requirements of Rule 23 are ultimately satisfied at later stages in the litigation. Thus, a court may delay narrowing the class by fashioning appropriate procedures, such as a split trial, and deferring the disposition of uncommon issues. Newberg, Herbert B., Newberg on Class Actions, § 9.47 (2d ed. 1985). This is especially prudent when the disposition of the common issues may obviate the need to resolve those issues that affect only a subset of the class. Id., § 9.53 at 320, §§ 9.63 et seq. If at a later point in the litigation it is apparent that modification of the class is necessary or advised, the court may then exclude certain members or certify a subclass. Bryan v. Amrep Corp., 429 F.Supp. 313 (S.D.N.Y.1977).
The purported atypical issues here are affirmative defenses. The existence of affirmative defenses as to some class members is not by itself enough to warrant the denial of certification. Lorber v. Beebe, 407 F.Supp. 279, 294 (S.D.N.Y. 1975). Putting aside Jewel's failure to plead the affirmative defenses in its answer which ordinarily constitutes waiver of them, see generally, 5 Wright & Miller, Federal Practice and Procedure, § 1278 (1969), the existence of colorable estoppel and waiver defenses[1] that may predominate as to some class members or render their claims atypical does not militate at this stage of the litigation for the exclusion of those subject to these defenses or the certification of a subclass. Granted, the named plaintiffs were hired before February 26, 1984, and accordingly are not subject to the waiver and estoppel defenses. Nevertheless, Jewel's liability to all of the putative class members hinges initially on the existence and enforceability of an oral reopener agreement. As to that issue, the interests of all class members coincide and the named plaintiffs are appropriate representatives. In the event that Jewel prevails on that issue, it need not prove its defenses as to certain class members. Further, those class members hired after Jewel reduced wages would be bound to the judgment on the oral agreement issue, sparing Jewel and this court[2] further litigation.
Accordingly, we grant certification of the class as broadly defined by the plaintiffs and reserve judgment as to whether narrowing of the class or subclass certification[3] *1396 is appropriate.

THE MOTION TO DISMISS
In its motion to dismiss, Jewel challenges the complaint on a number of grounds: plaintiffs have failed to exhaust their contractual and intra-union remedies, and the consent judgment entered in the 1984 case precludes litigation of this claim under principles of res judicata. Before addressing the merits of these challenges, we first address plaintiffs' threshold objection to the motion to dismiss. Plaintiffs contend that since Jewel has already unsuccessfully moved to dismiss on statute of limitations grounds, Fed.R.Civ.P. 12(g) precludes a second motion to dismiss with new challenges to the complaint. Rule 12(g) provides in pertinent part:
If a party makes a motion under this rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted, except a motion as provided in subdivision (h)(2) hereof on any of the grounds there stated.
Rule 12(h)(2) provides
A defense or failure to state a claim upon which relief can be granted ... may be made in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, or at the trial on the merits.
Plaintiffs are technically correct that Jewel cannot challenge the sufficiency of the complaint in a second motion to dismiss. 5 Wright & Miller, Federal Practice & Procedure, § 1385 at 839 (1969). However, since Jewel has already answered the complaint and pled as affirmative defenses the challenges that it raises here, Rule 12(h)(2) allows Jewel to raise in a motion for judgment on the pleadings what it could have raised in the initial motion to dismiss. Jewel's failure to label the motion properly does not preclude relief prior to trial on the merits. When it is within our power, we prefer to resolve sooner dispositive challenges to the pleadings that will surely be raised later. Thus, we may view Jewel's motion as a motion for judgment on the pleadings and accordingly assess its merits. Schy v. Susquehanna Corp., 419 F.2d 1112, 1115 (7th Cir.), cert. denied, 400 U.S. 826, 91 S.Ct. 51, 27 L.Ed.2d 55 (1970).

A. Failure to Exhaust Contract Remedies
It is an axiom of federal labor law that an employee must exhaust all avenues of relief set forth in a collective bargaining agreement before seeking to enforce the agreement in federal court. Republic Steel Corp. v. Maddox, 379 U.S. 650, 652, 85 S.Ct. 614, 616, 13 L.Ed.2d 580 (1965); Mitchell v. Pepsi-Cola Bottlers, Inc., 772 F.2d 342, 345 (7th Cir.1985), cert. denied, 475 U.S. 1047, 106 S.Ct. 1266, 89 L.Ed.2d 575 (1986). There are several recognized exceptions to this exhaustion requirement. An employer cannot resort to this defense when "the conduct of the employer amounts to a repudiation of those contractual procedures," Vaca v. Sipes, 386 U.S. 171, 185, 87 S.Ct. 903, 914, 17 L.Ed.2d 842 (1967), when resort to the contractual grievance procedures would be futile, Glover v. St. Louis-San Francisco Railway, 393 U.S. 324, 441, 89 S.Ct. 548, 552, 21 L.Ed.2d 519 (1969), or when the union that ordinarily has sole authority to represent employees throughout the procedures is for some reason relieved of any duty to do so. D'Amato v. Wisconsin Gas Co., 760 F.2d 1474, 1488 (7th Cir.1985). Plaintiffs' claim falls squarely within this last exception.
The common assumption running through each of Jewel's contentions in the motion to dismiss is that throughout and since the 1984 case, plaintiffs have shared with Local members the rights and obligations arising from the collective bargaining *1397 agreement. This assumption is flawed. The parties have litigated all the way to the United States Supreme Court[4] the issue of whether the union had a duty to represent employees who were members of the Local and left Jewel prior to the entry of consent judgment in the 1984 case. It is the law of this case[5] that the plaintiffs, the moment they left Jewel for reasons other than the dispute here, lost their status as "employees" within the meaning of § 2(3) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 152(3), and the Local had no duty to represent them, fairly or otherwise, in any contractual or judicial forum. Merk, 848 F.2d at 765-66. As they lost their right to rely on the Local to represent them in the 1984 case and accompanying arbitration proceedings when they left Jewel, so were they relieved of their duty to exhaust contractual remedies.
In other contexts, the courts have held that when a union no longer has a duty to represent a former employee and current employees may gain by not advancing the interests of former employees, former employees should not be forced to rely on union-dominated procedures to assert their claims. For example, in Anderson v. Alpha Portland Industries, Inc., 752 F.2d 1293 (8th Cir.), cert. denied, 471 U.S. 1102, 105 S.Ct. 2329, 85 L.Ed.2d 846 (1985), the Eighth Circuit held that management is not entitled to a presumption that retired employees must exhaust contractual procedures before maintaining an action in court for past-due retirement insurance benefits. The court reasoned that because retirees are not "employees" under the NLRA, see Allied Chemical & Alkali Workers v. Pittsburgh Plate Glass Co., 404 U.S. 157, 92 S.Ct. 383, 30 L.Ed.2d 341 (1971), and they lack any power to force or assurances that remaining employees will view their interests as coincidental with those of the retirees, the presumption favoring arbitration is inappropriate. Anderson, 752 F.2d at 1297-98. Finding no express provision in the collective bargaining agreement that retirees pursue contractual remedies, the court allowed the case to proceed.
The situation here is similar in all pertinent respects. As we recognized in our earlier decision, the employees who remained with Jewel at the time of settlement could only gain from excluding plaintiffs from its terms. Merk, 641 F.Supp. 1030-31. Plaintiffs had no power to force the Local to continue to bargain on their behalf, and could rely at most on the generosity or enlightened interest of union management and members. It was of course possible that the remaining employees would view it in their interest to assert the former employees' right. After all, they too will one day become former employees. Merk, 848 F.2d at 765. That did not happen here, as evidenced by the overwhelming approval of the 1985 settlement. Regardless of how Jewel characterizes plaintiffs' posture in this litigation, plaintiffs brought this action after it became evident that the Local abandoned their claims.[6] Severed from the protections of the collective bargaining agreement by operation of law and by the Local's decision to cease representing their interests, plaintiffs were released from the agreement's procedural requirements[7] and, as third-party beneficiaries to the agreement, may now seek relief in federal court. Mohr v. Metro East Mfg. Co., 711 F.2d 69, 72 (7th Cir. 1983).[8]

*1398 B. Exhaustion of Intra-Union Remedies
Even if excused from the remedies outlined in the collective bargaining agreement, an employee must exhaust all intra-union remedies before seeking relief in a § 301 action unless those procedures "would be inadequate either to reactivate the employee's grievance or to award him the full relief he seeks under § 301." Clayton v. International Union, 451 U.S. 679, 690, 101 S.Ct. 2088, 2095, 68 L.Ed.2d 538 (1981); Adams v. Budd Co., 846 F.2d 428, 432 (7th Cir.1988); Adams v. Ford Motor Co., 670 F.Supp. 237, 238 (N.D.Ill. 1987), aff'd, 852 F.2d 570 (7th Cir.1988).
Jewel has not demonstrated that any intra-union remedies are available to the plaintiffs. The Local's by-laws provide that
Any member who disagrees with the disposition of his or her grievance by the Local Union ... shall have the right to appeal the decision to the Local Union Executive Council.
* * * * * *
Any member who does not appeal the Local Union's disposition of the member's grievance as provided above shall be deemed to have acquiesced in said deposition.
The plaintiffs are not Jewel employees and therefore not members of the collective bargaining unit within the meaning of the NLRA. Allied Chemical, 404 U.S. at 172, 92 S.Ct. at 394. The by-laws do not include any express provision that former employees remain members of the unit for purposes of claims for past-due wages and benefits. Plaintiffs have no power to invoke the intra-union mechanisms of relief and accordingly are excused from doing so.

C. Res Judicata
Finally, defendants contend that final judgment in the 1984 case precludes relief in another lawsuit. Res judicata bars claims by parties or their privies when final judgment has been entered against them in another action in which the identical cause of action was or could have been raised. Car Carriers, Inc. v. Ford Motor Co., 789 F.2d 589, 593 (7th Cir.1986). Members of a collective bargaining unit are privies to a union when the union brings an action on their behalf, and thus are barred from bringing the same cause of action. International Union v. Acme Precision Products, 515 F.Supp. 537 (E.D.Mich.1981) (barring retired employees from an action already litigated by the union even though the union was not required to sue on their behalf).
The Local brought the earlier action on behalf of then-current employees which, at the time that lawsuit was filed, included the plaintiffs here. Thus, plaintiffs were privies when the action was filed. However, "intervening changed circumstances creating new legal conditions" relieved the plaintiffs from any res judicata implications of the 1984 action. Bank of North Shore v. Federal Deposit Insurance Corp., 743 F.2d 1178, 1186 (7th Cir.1984). Plaintiffs left Jewel and by operation of law were no longer members of the Local. The Local could have continued to represent the former employees in their claims for wages and benefits. Contrary to Jewel's assertion, there is no indication that the union continued to represent former employees or that the former employees acquiesced in the Local's decision otherwise. Indeed, the terms of settlement indicate that the Local abandoned their claims. As the Seventh Circuit recognized, "If the union did not represent the plaintiffs at all in June 1985, then it is hard to see how it could have surrendered their claims." Merk, 848 F.2d at 767. For res judicata purposes, the former employees lost their status as privies of the Local and accordingly may maintain this action.

THE MOTION FOR SUMMARY JUDGMENT
In their motion for summary judgment, plaintiffs contend that they are entitled to *1399 judgment on the undisputed fact that Jewel unilaterally reduced their wages and benefits in violation of the terms of the written collective bargaining agreement. In opposition, Jewel presents deposition testimony tending to prove that at the negotiations of the collective bargaining agreement the parties orally agreed that in the event a warehouse foodstore, specifically Cub Foods, entered the Chicago area market, Jewel and the Local would renegotiate the wage and benefit structure. After Cub Foods began operations, Jewel sought to negotiate and acted only after the parties could not come to terms. In addition to disputing the existence and terms of this supplemental agreement, plaintiffs contend that collateral estoppel and the parol evidence rule bar Jewel's reliance on an oral agreement. We address each of these contentions in turn.

A. Offensive Collateral Estoppel
In denying a motion in the 1984 case, the court stated "[the] oral agreement is inadmissable and unenforceable under the parol evidence rule as a matter of federal law." Local 881 v. Jewel, No. 84 C 1648 (N.D.Ill. April 8, 1985). Plaintiffs view this statement as a final decision in that and any later litigation on the availability of the oral agreement as a defense to a claim that Jewel breached the written collective bargaining agreement. We disagree.
Collateral estoppel, or issue preclusion, precludes the relitigation of issues when "(1) the party against whom the doctrine is asserted was a party to the earlier proceeding; (2) the issue was actually litigated and decided on the merits; (3) the resolution of the particular issue was necessary to the result; and (4) the issues are identical." Scherer v. Balkema, 840 F.2d 437, 442 (7th Cir.), cert. denied, ___ U.S. ___, 108 S.Ct. 2035, 100 L.Ed.2d 620 (1988), quoting Kunzelman v. Thompson, 799 F.2d 1172, 1176 (7th Cir.1986). The Supreme Court has rejected a mechanical application of collateral estoppel used offensively, that is, when the plaintiff seeks to foreclose a defendant from relitigating an issue that the defendant litigated unsuccessfully in an earlier action:
The general rule should be that in cases where a plaintiff could easily have joined in the earlier action or [for other reasons] the application of offensive estoppel would be unfair to a defendant, a trial judge should not allow the use of offensive collateral estoppel. Parklane Hosiery Co. v. Shore, 439 U.S. 322, 331, 99 S.Ct. 645, 651-52 [58 L.Ed.2d 552] (1979). See also Garza v. Henderson, 779 F.2d 390, 393 (7th Cir.1985).
In this light, the Seventh Circuit has set forth certain factors to be considered in determining whether an issue was actually decided on the merits for collateral estoppel purposes: whether the record indicates that the decision was "avowedly tentative," the parties were fully heard, the court supported its decision with a reasoned opinion, and the decision was appealable or had been appealed. Gilldorn Sav. Ass'n. v. Commerce Sav. Ass'n, 804 F.2d 390, 393 (7th Cir.1986).
Reviewing the entire record of the 1984 case, we find that the court's decision as to the parol evidence rule was insufficiently firm to justify the application of collateral estoppel in this case. Jewel filed a counterclaim in the 1984 case charging the Local with breach of the oral reopener agreement. The Local moved to dismiss on grounds that Jewel failed to allege any duties under the oral agreement that the local had breached and, alternatively, the parol evidence rule bars any claim to enforce an oral agreement. The court granted the motion to dismiss only on the former grounds:
Since Jewel's pleadings fail to claim that Local 881 breached any promises made in the oral reopener, the court need not resolve the union's argument that the parol evidence rule precludes Jewel from enforcing that agreement. Local 881 v. Jewel, No. 84 C 1648, slip op. at 8 (N.D. Ill. March 18, 1985).
Jewel moved for reconsideration, arguing only the basis of the court's decision to dismiss. The court denied the motion and noted

*1400 Even if the court erred in concluding Local 881 had not breached its oral reopener agreement with Jewel, that oral agreement is inadmissable and unenforceable under the parol evidence rule as a matter of federal law. Jewel's argument that the written contract is not a complete integration is insufficient to avoid application of the parol evidence rule, since even a partially integrated written agreement cannot be contradicted by evidence of a prior oral understanding. (citations omitted). Id. (April 8, 1985).
The following day, the court granted Local 881's motion for summary judgment and used language throughout its opinion suggesting that the parol evidence issue remained to be litigated: "An employer may not defeat the union's right to arbitrate simply because it has a meritorious defense to that underlying dispute," Id., slip op. at 12 (April 9, 1985), "Jewel's defense that the written agreement has been superseded by the wage reopener is an issue for the arbitrator, not the court, to decide." Id. at 14.
Given the court's pronouncements, it would be unfair to apply collateral estoppel here and bar Jewel's oral agreement defense. Isolating the reference to parol evidence in the court's denial of the motion to reconsider, one could interpret that decision as presenting alternative grounds for dismissal. Ordinarily, collateral estoppel bars the relitigation of any issues decided as alternative grounds for a decision. Schellong v. United States Immigration and Naturalization Service, 805 F.2d 655, 658 (7th Cir.1986), cert. denied, 481 U.S. 1004, 107 S.Ct. 1624, 95 L.Ed.2d 199 (1987). However, the court initially avoided the parol evidence issue and briefly assessed its merits on reconsideration only to buttress its decision. Then, the court implicitly acknowledged that it never intended to finally decide the merits of Jewel's oral agreement defense by stating repeatedly that the merits of that issue should be decided elsewhere. At best, the court's decision was tentative, and Jewel was reasonable in believing that settling rather than appealing the case would not bind it to a pronouncement on an issue that the deciding court itself did not consider final. We accordingly turn to Jewel's oral agreement defense to determine if Jewel has submitted sufficient evidence to survive summary judgment.

B. The Parol Evidence Rule
Under the parol evidence rule, evidence concerning the negotiation of a written contract is inadmissible to vary the unambiguous terms of the contract. A prerequisite to application of the rule is that the parties intended the written instrument to be a complete expression of their respective contractual rights and duties. Patton v. Mid-Continent Systems, Inc., 841 F.2d 742, 745 (7th Cir.1988); 3 Corbin on Contracts, § 573 (1960). The rule is equally applicable in actions to enforce a written collective bargaining agreement. Wilke Barre Printing Pressmen & Assistants' Union v. Great Northern Press, 522 F.Supp. 106 (M.D.Pa.1981). While oral supplements to a written labor contract are generally disfavored, Central States, Southeast and Southwest Areas Pension Fund v. Gerber Truck Service, Inc., 854 F.2d 1074, 1078 (7th Cir.1988), they are not unenforceable and the parol evidence rule provides to workers some protection from potentially collusive agreements between management and union leadership. Mohr v. Metro East, 711 F.2d 72 (finding the parol evidence rule inapplicable because the written collective bargaining agreement was not a complete integration of management's and the employees' rights and duties).
Jewel has submitted sufficient evidence to withstand summary judgment. According to deposition testimony, Fred Burki, a union negotiator, stated to a Jewel negotiator:
Although I cannot agree to the favorite nations clause, I will agree to a wage reopener at the time that Cub's enters the market ... but I cannot have that as a part of the written contract. It must remain verbal.
The clear import of this language is that the parties not only negotiated an oral reopener agreement but also expressly discussed *1401 keeping any such agreement outside the written contract. "[O]ral admissions of the plaintiff that the agreement included matters not contained in the writing may be proved to show that it was not assented to as a complete integration, however complete it may look on its face." 3 Corbin on Contracts, § 582 at 451 (1960).[9]
The written agreement lacks any provision that unambiguously disallows an oral supplement. Plaintiffs point to the following provision:
§ 2.6. This agreement is subject to amendment, alteration or addition only by a subsequent written agreement between, and executed by, the employer and the union.
While § 2.6 may be evidence of integration, it is not dispositive. Unlike an integration clause in which the parties express their intention that the written agreement supersede any oral agreements entered into during negotiations, this provision appears to apply only to modifications or supplements entered into after execution of the bargaining agreement and in no way precludes enforceable oral supplements entered into at the time Jewel and the Local executed the main agreement. While we consider Jewel's proffered testimony somewhat tenuous, it is not so weak that a trier of fact could not reasonably conclude from it that Jewel and the Local did not intend their written collective bargaining agreement to be the complete expression of agreed terms.[10] Jewel still must prove that the parties did in fact enter into an enforceable oral reopener agreement and that the terms of that agreement allowed its actions.

CONCLUSION
For all of these reasons, the motion for class certification is granted, and the motions to dismiss and for summary judgment are denied. It is so ordered.
NOTES
[1] The parties devote significant portions of their briefs on class certification to the merits of Jewel's waiver and estoppel defenses. Any pronouncement on the merits of these defenses prior to and as a basis for or against class certification would be premature. Fed.R.Civ.P. 23(c)(1). Bieneman v. City of Chicago, 838 F.2d 962, 963-64 (7th Cir.1988). We must presume for purposes of certification that the defenses are at least colorable since we have assumed that Jewel has properly pled them. Should the defenses prove frivolous, plaintiffs' recourse lies in Rule 11.
[2] We cannot ignore the possibility that were we to exclude those members of the putative class hired after February 26, 1984, they may file their own action which could be deemed related and consolidated for trial. If this occurred, significant delay and added effort by the parties and this Court would be resultant.
[3] Plaintiffs should keep in mind that all subclasses must independently satisfy Rule 23. Betts v. Reliable Collection Agency, Ltd., 659 F.2d 1000, 1005 (9th Cir.1981). In the event a subclass is deemed necessary, plaintiffs must amend their complaint to name an appropriate representative, Abercrombie v. Lum's Inc., 345 F.Supp. 387, 393 (S.D.Fla.1972), and must demonstrate numerosity. Andrews v. Bechtel Power Corp., 780 F.2d 124 (1st Cir.1985), cert. denied, 476 U.S. 1172, 106 S.Ct. 2896, 90 L.Ed.2d 983 (1986).
[4] The Supreme Court denied the writ of certiorari. ___ U.S. ___, 109 S.Ct. 393, 102 L.Ed.2d 382 (1988).
[5] It may not however be the law of this circuit, for the Seventh Circuit affirmed this proposition of law not because it necessarily agreed but because the parties so assumed on appeal. Merk, 848 F.2d at 765-66.
[6] We do not pass any judgment on the Local's decision to exclude plaintiffs from the 1985 settlement. It may very well be that the Local's only duty at the time of settlement, the duty to fairly represent the remaining employees, required it to abandon the former employees' claims.
[7] There is no express statutory or contractual duty that former employees seeking past due wages and benefits exhaust contractual remedies. Cf., Pennsylvania Railroad v. Day, 360 U.S. 548, 79 S.Ct. 1322, 3 L.Ed.2d 1422 (1959).
[8] As an alternative basis for denying the motion to dismiss for failure to arbitrate, we hold that Jewel's opposition to arbitration in the 1984 case amounts to a repudiation of those procedures excusing any duty to arbitrate that the plaintiffs may have had under the agreement.
[9] We recognize that this testimony as to integration is inextricably entangled with evidence of the alleged oral agreement itself. The courts have recognized the perils associated with this type of evidence, but have not excluded the evidence on that basis. 4 Williston on Contracts, § 633 at 1016 (1961); 3 Corbin on Contracts, § 582 at 450 (1960) ("The evidence that the rule seems to exclude must sometimes be heard and weighed before it can be excluded by the rule.").
[10] Jewel also contends that the Local's participation in negotiations after Cub Foods entered the market and Jewel unilaterally reduced wages and benefits is itself evidence that the Local ratified the alleged reopener agreement or entered into one later. We reject this position. That the Local sought negotiations rather than a lawsuit is consistent with the federal labor policy to encourage the extrajudicial resolution of disputes rather than a reflexive rush to the courts. The Local did not accept a modification to the collective bargaining agreement merely by discussing it. Accord, Standard Fittings Co. v. National Labor Relations Board, 845 F.2d 1311, 1316 (5th Cir.1988). By attempting to make peace rather than war, the Local did not bargain away any of its members' contractual rights.